John **WINDREM**, Plaintiff,

v.

**BETHLEHEM STEEL CORPORATION**
and Thomas F. Hughes, Deputy Commissioner for the 2nd Compensation
District of the United States Department of Labor, Bureau of Employees
Compensation, Defendants.

Civ. No. 250–67.

United States District Court
D. New Jersey.

Oct. 24, 1968.

Solomon B. Borsky, Jersey City, N. J.,
Cornelius V. Gallagher, New York City,
of counsel, for plaintiff.

Riker, Danzig, Scherer & Brown,
Newark, N. J., for Bethlehem Steel Corp.

David M. Satz, Jr., U. S. Atty.,
Newark, N. J., Louis E. Greco, U. S.
Dept. of Justice, New York City, of
counsel, for Thomas F. Hughes.

## OPINION

SHAW, District Judge.

Plaintiff sought an award of compensation pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., and his claim was denied by Deputy Commissioner Thomas F. Hughes, Second Compensation District, United States Department of Labor, Bureau of Employee Compensation, on the ground that it had not been filed within the time prescribed by 33 U.S.C. § 913(a). This action was brought pursuant to 33 U.S.C. § 921(b) to review the order of the deputy commissioner. That section of the statute provides in pertinent part:

> If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred * * *.

The function of the Court is that of judicial review of the action of an administrative agency. Bassett v. Massman Construction Co., 120 F.2d 230 (8th Cir. 1941), cert. denied 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520 (1941); Main Ship Repair Corp. v. Hughes, 243 F. Supp. 882 (E.D.N.Y.1964). The material facts are not in dispute and the matter is now before the Court on cross-motions for summary judgment.

Plaintiff, a land based employee of Bethlehem Steel Corp. (Bethlehem), was injured on March 5, 1963, while working as a welder on a ship which was docked in a shipyard at Hoboken, New Jersey, and which was in the process of being reconstructed and recommissioned. The vessel was afloat in navigable waters at

the pier where the reconstruction work was being performed. Bethlehem furnished medical care in accordance with the provisions of Section 7(a) of the Act, 33 U.S.C. § 907, and made voluntary payments of compensation for a period of temporary disability from March 6, 1963, to August 5, 1963, inclusive, at the rate of $70.00 per week, amounting to $1,530.00. Plaintiff was advised by the deputy commissioner of his right to claim for additional benefits under the Act. He failed to acknowledge the communications with respect thereto but, instead, filed a verified petition with the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, on May 1, 1963, claiming compensation pursuant to the provisions of the New Jersey Workmen's Compensation Act, N.J.S.A. 34:15–7 et seq. Bethlehem, answering the petition, asserted that "[t]he Bureau has no jurisdiction in this matter." During the proceedings petitioner was represented by counsel and despite the challenge of Bethlehem to the jurisdiction of the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, a hearing was held on the merits of the claim on February 24, 1964, and petitioner received an award for temporary disability in the amount of $983.57 and an award for permanent disability of $3,850.00 [1]. The full amount of the award was paid by Bethlehem in weekly installments terminating on June 3, 1965.

On June 7, 1965, plaintiff filed a claim for compensation for the same injury under the Longshoremen's and Harbor Workers' Compensation Act. Bethlehem resisted the claim on the following grounds: (1) plaintiff's claim was not filed within one year after the injury as required by 33 U.S.C. § 913(a); (2) plaintiff was bound by the doctrine of election of remedy; (3) the assumption of jurisdiction by the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, at the instance of plaintiff precluded plaintiff from asserting the same claim again in the federal forum. The deputy commissioner held that federal jurisdiction was exclusive but he rejected plaintiff's claim on the ground that it had not been timely filed.

■ As to the scope of review here, plaintiff contends that this Court is limited to consideration of whether the deputy commissioner correctly found that the claim was not filed within the period prescribed by 33 U.S.C. § 913(a)[2]. The Court does not agree. The issue of jurisdiction was raised before the federal commissioner and decided. Since the material facts were not in dispute, the decision as to jurisdiction was one of law rather than of fact. Even the government, which is in the unusual position of urging that the commissioner be reversed, conceded that the question of jurisdiction was raised and decided by the commissioner and is therefore subject to review here.

■ There is no dispute that the claim for compensation under the Act was not filed within one year of the date of injury. But plaintiff contends that since it was filed within one year of the date of the last payment of compensation made pursuant to the state award, it was within time. The Court finds that this contention is wholly without merit. The payment of compensation contemplated by the Act "without an award"

1. Credit against the award for permanent disability was given in the amount of $546.43 representing the difference in the rate for temporary disability under the federal Act and the New Jersey statute.

2. *33 U.S.C. § 913(a)*
The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that *if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. * * ** (Emphasis supplied)

is a voluntary payment by the employer. It is a payment made in the voluntary discharge of liability imposed by the Longshoremen's and Harbor Workers' Act. It is inconceivable that Congress intended that *involuntary* payments made pursuant to the award of a state tribunal could defer the period in which the injured employee could claim under the federal Act. Such an interpretation would make the operation of the one year period of limitations subject, in point of time, to finality of action *initiated* by an employee in a state tribunal with varied results depending upon the procedure and requirements of the particular state tribunal in which the employee prosecuted his claim. This may be illustrated by reference to the New Jersey Workmen's Compensation Act.

In New Jersey the employee could file his petition for compensation at any time within two years after the date on which the accident occurred. N.J.S.A. 34:15–51. A formal award of compensation can be reviewed within two years from the date when the employee last received a payment of compensation to recover increased compensation. N.J.S.A. 34:15–27. There are also provisions in the New Jersey statute for appeals from an award of compensation. N.J.S.A. 34:15–66. From this brief summary of the provisions of the New Jersey statute it is readily apparent that in this jurisdiction, and no doubt in many others, the one year period of limitation in the federal Act could be extended indefinitely while an employee exhausts state procedural steps to obtain an award of compensation and exhausts all of the time up to the point of a final payment on a state award.

It should be further noted that if the construction of the statutory period of limitations in the federal Act which plaintiff urges on the facts in this case were adopted, there could be no uniform application thereof in the respective jurisdictions in which federal claims arise. State proceedings to which a claimant resorted to obtain final judgment before filing his federal claim would control.

Bethlehem was not a voluntary party to the petition which plaintiff filed pursuant to the provisions of the New Jersey Workmen's Compensation Act. As a consequence of the prosecution of that petition by plaintiff, Bethlehem was subjected to an enforceable award of workmen's compensation. N.J.S.A. 34:15–66.1. It made the payments it was ordered to make and plaintiff accepted them. Such payments could not be considered as voluntarily made "without an award" as contemplated by the federal Act.

The only case that this Court has found which lends any support to plaintiff's position is Great Lakes Dredge & Dock Co. v. Brown, 47 F.2d 265 (N.D.Ill. 1930). The facts in the case, however, do not appear to be analogous. While there was an award of workmen's compensation under the Illinois Workmen's Compensation Act, it seems that an agreement was entered upon between the employee and the employer whereby in consideration of the continued payments to be made under the Illinois Workmen's Compensation Act, the employee released every other claim to compensation which he might have had. The Court, noting this, pointed out that this release was without validity. In the instant action there is no evidence of any voluntary participation by Bethlehem which was intended to bypass liability to which it may have been subjected under the Longshoremen's and Harbor Workers' Compensation Act. Moreover, the case was decided before Davis v. Department of Labor and Industries of State of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942) when federal jurisdiction was considered to be exclusive.

*Davis,* supra, established the "twilight zone" doctrine. See reference to *Davis* in the cases of Hahn v. Ross Island Sand and Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959) and Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962). The present case presents a classic example of the application of the "twilight

zone" doctrine since the accident occurred on a ship docked for the purpose of renovation and the injured employee was land based. There is nothing in the record to indicate that the duties of his employment were directly associated with the navigation of a vessel. The government places reliance upon the fact that the ship was being repaired rather than being constructed, and claims that the former is exclusively a maritime matter. Factually the situation in the present case is more analogous to that in which a new ship is being constructed. Plaintiff was working on the final stages of the creation of a new ship recommissioned the S.S. Los Angeles, being accomplished by the rebuilding of an old ship, the S.S. San Francisco. Moreover, it is not necessary to draw the fine distinction between what constitutes repairs as distinguished from construction. As was observed by the New Jersey Supreme Court in Hansen v. Perth Amboy Dry Dock Co., 48 N.J. 389, 226 A.2d 4, 7–8 (1967):

> We think, however, that the availability of the state compensation remedy should not turn on the fortuitous circumstance of whether the ship on which an artisan was working was being constructed or being repaired. As Chief Justice Qua said for the Supreme Judicial Court of Massachusetts:
>
>> [T]he distinction between working on navigable water in repairing a previously completed vessel and doing precisely the same work on navigable water upon a vessel in process of construction may be thought a narrow one of doubtful practical validity. Moores's [sic] Case, 323 Mass. 162, 167–168, 80 N.E.2d 478, 481 (1948).
>
> The employee in that case was an ironworker who performed some duties on land and some on ships; he was injured while making repairs to a ship on navigable waters. The Massachusetts court affirmed an award of state compensation by finding that the em-

ployment relation was sufficiently land based to support a state award. The state jurisdiction was presumptively correct because the local and land-based activities put the case within the *Davis* rule. This decision was affirmed by the United States Supreme Court per curiam sub nomine Bethlehem Steel Co. v. Moores, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417 (1948).

■ An appropriate test was set forth in Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., 306 F.2d 369, 371–372 (5th Cir. 1962):

> After Davis, two per curiam decisions indicated that the Supreme Court intended the "twilight zone" "to include within a wide circle of doubt all waterfront cases involving aspects pertaining *both to the land and to the sea where a reasonable argument can be made either way.*" Moore's [sic] Case, 1948, 323 Mass. 162, 80 N.E.2d 478, 481, aff'd, Bethlehem Steel Co. v. Moore [sic], 1948, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417, and Kaiser Company v. Baskin, 1950, 340 U.S. 886, 71 S.Ct. 208, 95 L.Ed. 643.

■ This is a case involving both land and sea aspects and valid argument may be made either way with respect to application of the "twilight zone" doctrine. In such a situation jurisdiction is not exclusive under the federal Act, which applies only "if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." 33 U.S.C. § 903 (a).

■■ This leads to resolution of the question of what constitutes a binding election on the part of an injured employee to recover workmen's compensation benefits under the state compensation act. Mere acceptance of payments voluntarily made by an employer under state compensation law does not constitute a binding election. But when the injured employee in a "twilight zone" case prosecutes his claim to judgment under a valid state compensation law and the liability then established is fully dis-

charged by the employer, those circumstances constitute a binding election.

In Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962) the court held that the acceptance by an injured employee of compensation payments under the Louisiana Compensation Act did not bar prosecution of a federal claim under the Longshoremen's Act. The court, however, pointed out that compensation payments may be made under the Louisiana Act without a prior administrative proceeding and it seems that there had been none. "We hold that the acceptance of the payments does not constitute an election of the remedy under state law precluding recovery under the Longshoremen's Act. Nothing in the statute requires a contrary result. *And we agree that the circumstances do not support a finding of a binding election to look solely to the state law for recovery.*" Id. at 131, at 1206 of 82 S.Ct. (Emphasis supplied).

Subsequent to *Calbeck* a similar result was reached in Holland v. Harrison Bros. Dry Dock and Repair Yards, supra. There the court distinguished between a claim finally litigated or settled by a binding compromise agreement and one where there was nothing more than mere acceptance by an employee of voluntary payments under state law.

> Until the claim is litigated once or settled by a binding compromise agreement, the employee has not received a complete compensation and the employer could make no objection to a suit by the injured worker under Alabama law. The claimant's action in bringing suit instead under the federal law does not subject the employer to any additional burden. An award under either compensation law would of course credit the employer with any *voluntary* payments he had already made. *Mere acceptance* by the worker of the voluntary payments will not suffice to commit him to one remedy or the other in limitation of the choice he is entitled to make in a twilight

zone case. Id. 306 F.2d at 373 (Emphasis supplied)

■ *Holland* is cited in Puget Sound Bridge and Dry Dock Co. v. O'Leary, 260 F.Supp. 260 (W.D.Wash.1966) for the proposition that the acceptance of benefits under a state compensation act will not suffice to commit an employee "to one remedy or the other in limitation of the choice she is entitled to make in a twilight zone case such as this." Id. at 264. But the court goes on to indicate that even an award of compensation under a state compensation act will not operate to bar a subsequent award under the federal Act. To the extent that the facts with respect to any award in that case are analogous to those in the instant case, this Court disagrees.

The government states in its brief (pp. 15–16):

> We believe, however, that a consideration of the provisions of the Longshoremen's Act, taken as a whole, together with the totality of the Supreme Court's language, shows that there was no intention to submit the federal policy and remedy to the control of the employee and employer by means of a possibly collusive state court award.

What the government has in mind in advancing this argument is not entirely clear. If it is intended to suggest that there could be a collusive award generated by any persuasion of the employer, it has no application in this case. The employee was twice advised that he had a right to federal compensation, yet, despite the fact that he was represented by counsel at all times, he chose to ignore this right. He made a deliberate election to proceed to the state award. The employer challenged jurisdiction unsuccessfully. An award was made in favor of the employee and the award was fully paid by the employer. Thereafter the employee sought to treat the state award, which included payment of counsel fees by the employer, as a nullity. The doctrine of election of remedies and collateral estoppel precludes this result. The

state judgment is entitled to full faith and credit.

Plaintiff's claim is barred by both untimely filing and by his deliberate choice of remedy under the New Jersey Workmen's Compensation Act. Summary judgment will be granted in favor of defendants Bethlehem Steel Corporation and Deputy Commissioner Thomas F. Hughes and against plaintiff John Windrem with prejudice and without costs.

An appropriate order may be submitted.