**UNIVERSAL FABRICATORS, INC., Petitioner,**

v.

**Carl SMITH and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondents.**

**No. 88–4458.**

United States Court of Appeals, Fifth Circuit.

July 31, 1989.

Howard L. Murphy, Deutsch, Kerrigan & Stiles, New Orleans, La., for petitioner.

Larry Thomas Richard, Cline, Miller & Richard, Rayne, La., for Smith.

Janet R. Dunlop, Donald S. Shire, Sol., U.S. Dept. of Labor, Washington, D.C., for Dept. of Labor.

Linda M. Meekins, Clerk, Dept. of Labor, BRB, Benefits Review Bd., Washington, D.C., for other interested parties.

Before GEE, SMITH and DUHE, Circuit Judges.

GEE, Circuit Judge:

*Background*

In 1982 the respondent, Carl Smith, suffered a back injury while working as a structural fitter for Universal Fabricators, Inc. In 1985 he brought an action under the Longshore and Harbor Workers' Compensation Act (LHWCA) for benefits. The Administrative Law Judge (ALJ) found that the status, situs and filing requirements of the LHWCA were met and ordered Universal to pay LHWCA benefits from the date of the injury, minus amounts

Smith had received in state compensation payments.

Universal appealed to the Benefits Review Board, which affirmed the decision of the ALJ. In accord with 33 U.S.C. § 921(c), Universal has appealed to this Circuit.

### Facts

Smith was hired by Universal Fabricators, Inc. in January of 1981 and worked as a structural fitter until April 30, 1982, the date on which he injured his back while setting a piece of floor plating. The parties agree that the respondent is permanently disabled as a result of this accident.

The ALJ found that the respondent worked all or part of the following days on the projects listed below:

126 days building a draining barge for the vessel Scan–Drill;

103 days building or repairing fixed platform components;

66 days fabricating stingers;[1]

5 days repairing a drilling tender;

4 days installing rubber bumpers on barge bumpers;

2 days fabricating a walkway for a jack-up barge.

In addition, company records show the respondent spent five days loading barges, although respondent testified that those records were mere estimates made by foremen and were often inaccurate. He stated that he worked on loading operations for at least two months. All the activities in which the respondent was engaged were performed at the employer's yard. The ALJ found the situs requirement was therefore satisfied.

The respondent has not worked since the accident but has received weekly compensation benefits under the Louisiana Worker's Compensation Act.

### Analysis

I. *The Status Requirement of the LHWCA.*

A two-pronged test determines whether an injured worker falls under the provisions of the Longshore and Harbor Workers' Compensation Act. The claimant must satisfy both the status (33 U.S.C. § 902(3)) and situs (33 U.S.C. 903(a)) requirements of the statute. The status requirement states:

> (3) The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker....

33 U.S.C. § 902(3).

■ The petitioner asserts that the Benefits Review Board erred in finding the respondent an "employee" covered by the act. According to the petitioner, the Board specifically failed to apply the holding of *Jacksonville Shipyards, Inc. v. Skipper,* 539 F.2d 533 (5th Cir.1976) to the respondent's claim for recovery under the LHWCA. Skipper stated that:

> Our holding is that an injured worker is a covered "employee" if at the time of his injury (a) he was performing the work of loading, unloading, repairing, building, or breaking a vessel, or (b) although he was not necessarily carrying out these specified functions, he was "directly involved" in such work.

*Id.* at 539–40.

The petitioner argues that the respondent cannot be included in the class of employees covered by the LHWCA because he was not engaged in maritime activities when he was injured, although he had been involved in such activities at an earlier date. Skipper, who had been a welder for many years, was engaged in non-maritime activities on the day he was injured and was therefore unable to recover under the LHWCA. *Skipper, supra,* at 542.

The argument, however, fails to consider the United States Supreme Court's later holding in *Northeast Marine Terminal Co., Inc. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). The Court in *Caputo* stated:

---

**1.** Stingers are devices attached to vessels which lay pipe in the Gulf of Mexico.

It is clear, therefore, that when Congress said it wanted to cover "longshoremen," it had in mind persons whose employment is such that they spend *at least some of their time in indisputably longshoring operations* and who, without the 1982 Amendments, would be covered for only part of their activity.

*Id.* at 273, 97 S.Ct. at 2362 (emphasis added).

The respondent and the Director of the Benefits Review Board maintain that the status requirement is satisfied because a *major* portion of the claimants time was spent in "maritime employment". In *Hullinghorst Industries, Inc. v. Carroll*, 650 F.2d 750 (5th Cir.1981), we held:

In addition, employee status may be based *either* upon the maritime nature of the claimant's activity at the time of his injury *or* upon the maritime nature of his employment as a whole.

*Id.* at 754.

*See, also, Thornton v. Brown & Root*, 707 F.2d 149, 152 (5th Cir.1983); *Schwabenland v. Sanger Boats*, 683 F.2d 309, 312 (9th Cir.1982); *Thibodaux v. Atlantic Richfield Co.*, 580 F.2d 841, 844 (5th Cir. 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979).

The Benefits Review Board found that a significant portion of the respondent's time was spent in indisputably longshore operations; and since substantial evidence exists to support this finding, we will not disturb it. *See Hullinghorst, supra*, at 753. Our holding in *Skipper* has been modified both by the Supreme Court's holding in *Caputo* and by our own decisions subsequent to *Skipper. See, e.g., Hullinghorst, supra,* at 754. The Board's decision that the respondent satisfies the status requirement is therefore affirmed.

## II. *The Situs Requirement of the LHWCA.*

This is provided by 33 U.S.C. § 903(a):

(a) Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any *adjoining* pier, wharf, dry dock, terminal, building way, marine railway, *or other adjoining area* customarily used by an employer in loading, unloading, *repairing,* dismantling, *or building* a vessel).

*Id.* (emphasis added).

■ Whether the situs requirement is met in this case is contested by the parties, partly on the basis of our panel's holding in *Mills v. Director, Office of Worker's Compensation Programs,* 846 F.2d 1013 (5th Cir.1988), that a land based welder could recover under the LHWCA for injuries that occurred to him while working on shore fabricating a platform destined for the outer continental shelf. *Id.* at 1014.[2] The instant case does not arise under OCSLA, and despite some factual similarities between *Mills* and the instant case, 43 U.S.C. § 1331(1) of the Outer Continental Shelf Lands Act does not control disposition of the situs requirement.

Applying *Caputo's* situs requirement in the instant case, the ALJ found that the employer's yard *adjoined* the navigable waters of the United States and the situs requirement was satisfied. The appellant's argument that land-based workers should not be covered by the LHWCA is overbroad, and conflicts with the statutory language of § 903(a). Since the respondent was engaged in maritime activities in an area adjoining the water, the Board's result must be affirmed.

## III. *The Statute of Limitations.*

■ The final issue is whether the respondent's claim is barred by the statute of limitations stipulated in 33 U.S.C. § 913:

(a) Except as otherwise provided in this section, the right to compensation for disability or death under this chapter

---

**2.** Since the close of briefing in this case *Mills* has been reversed by our Court, sitting en banc.

877 F.2d 356 (5th Cir.1989).

shall be barred unless a claim therefor is filed within one year after the injury or death. If payment of compensation has been made without an award ... a claim may be filed within one year after the date of the last payment....

(b)(1) Notwithstanding the provisions of subsection (a) of this section failure to file a claim within the period prescribed in such subsection shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard.

Universal argues that the operative words of the statute, "payment of compensation without an award," are not met by payment of state compensation and that respondent's failure to file a claim until almost three years after the accident bars the action. In support of this argument, the petitioner cites *Windrem v. Bethlehem Steel Corp.*, 293 F.Supp. 1 (D.N.J.1968). In *Windrem*, however, the plaintiff had already won an award under the state compensation system when he filed for compensation under the LHWCA. *Id.* at 3. The court simply refused to allow the plaintiff to categorize the payments under the award as "voluntary payments" and bootstrap himself into an extension of the one year statute of limitations. *Id.* at 4. In fact, the court stated the obvious truth: such payments are not voluntary when ordered by a court. *Id.*

The respondent argues that the petitioner voluntarily agreed to pay the respondent's state worker's compensation benefits from the date of the accident, triggering the extension.

The Board stated that payments an employer makes under state worker's compensation acts toll the statute of limitations for filing under their decision in *Saylor v. Ingalls Shipbuilding, Inc.*, 9 BRBS 561 (1978). *See also, Lilton Systems, Inc. v. Hollinhead*, 571 F.2d 272 (5th Cir.1978) (filing for recovery under the state worker's compensation system tolled the statute of limitations under the federal LHWCA action); *United Brands Co. v. Melson*, 594

F.2d 1068, 1071 (5th Cir.1979). The payments thus tolled the statute of limitations, and the Board's ruling is

AFFIRMED.