Abraham J. Gellinoff, J.
In this action brought by plaintiff, a limousine service, for a judgment declaring that it is not subject to the New York City utility tax (Administrative Code of City of New York, ch 46), plaintiff moves for summary judgment. Plaintiff claims that, during the tax years in question, it was not a utility as defined by law, that the utility tax, if imposed, would constitute impermissible double taxation, and that the tax, if imposed, would constitute an unconstitutional taxation upon interstate commerce.
Only the last assertion merits extended discussion. As to the other claims, suffice to say that, on the facts as shown, plaintiff operated omnibuses with a carrying capacity of more than seven persons, and was thus a utility subject to the city’s tax law rather than the State’s Tax Law (§ 186-a). Moreover, plaintiff’s payment to the Port of New York Authority is rent, not a tax, and therefore there is no double taxation.
In arguing that the tax sought to be imposed constitutes an impermissible burden upon interstate commerce, plaintiff claims that its sole function is as a contract carrier with various airlines, transporting passengers arriving in New York from interstate and international flights to accommodations in New York. It claims, therefore, to be a part of interstate commerce, and not subject to a local tax on its business.
An identical argument has previously been rejected by the courts of this State and the Supreme Court of the United States. In Pennsylvania R. R. Co. v Knight (192 US 21), the Pennsylvania Railroad, operating its own cab service from its interstate transportation terminus in New York City to its passengers’ ultimate destination in the city, sought to avoid a State franchise tax on the cab service, claiming that it was a part of the company’s interstate commerce. The Supreme Court, however, affirmed the State court’s determination that the cab service was not interstate commerce, holding that (p 27): "Wherever a separation in fact exists between transportation service wholly within the State and that between the States a like separation may be recognized between the control of the State and that of the Nation”.
Plaintiff attempts to distinguish the Pennsylvania R. R. Co. case, in a letter to the court. Its argument appears to be that this case, unlike Pennsylvania R. R. Co., involves interstate airline flights rather than interstate railroad travel, which is obviously no distinction at all. Finally it urges the court to *282 disregard Pennsylvania R. R. Co. on the ground that it is a 1904 decision. The court may not disregard a decision of the Supreme Court, particularly here, where the holding therein was more recently reaffirmed by that court (see United States v Yellow Cab Co., 332 US 218, 232 [1947]).
Plaintiffs arguments are without merit, and defendant is entitled to summary judgment declaring plaintiff to be subject to the tax.