## HOUSTON CONTRACTING COMPANY
## et al *v.* Jessie T. YOUNG

79-297                                    590 S.W. 2d 653

### Opinion delivered December 10, 1979
### (In Banc)

*Laser, Sharp, Haley, Young, Huckabay, P.A.*, for petitioners.

*Shackleford, Shackleford & Phillips, P.A.*, for respondent.

GEORGE ROSE SMITH, Justice. When two states both have grounds for asserting jurisdiction over a claim for workers' compensation benefits, do payments of compensation made to the injured worker under the laws of one of the states toll the statute of limitations as to a claim later filed in the other state? The few existing decisions in other jurisdictions are split. Larson, Workmen's Compensation, § 78.43 (a) (1976). In the present case our Commission held that running of the statute is not suspended, because payments made under the law of another state do not constitute the "payment of compensation" within the meaning of our statute of limitations. Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976). The Court of Appeals reversed. On review we explained our reasons for

granting certiorari in this particular case. *Houston Contracting Co.* v. *Young,* 267 Ark. 44, 589 S.W. 2d 9 (1979).

There is no doubt that both Arkansas and Texas might have asserted jurisdiction in this case. The claimant was a resident of Arkansas when he was first hired by this employer to work on a construction job in Arkansas in 1941. The employer is licensed to do business in Arkansas. The claimant continued to reside in Arkansas during the 33 years that he worked for the company, in Arkansas, in Texas, and in other states. He was still a resident of Arkansas in 1974 when he injured his back while working for the company on a construction job in Vidor, Texas. He underwent medical treatment and surgery in Arkansas and Texas. The employer has its headquarters in Houston, Texas. The insurance carrier, without controverting the claim, made payments under the Texas compensation law until the claimant employed counsel and filed a claim in Arkansas. The parties do not question the possible jurisdiction of either state.

The Court of Appeals, in disagreeing with the Commission, relied upon *Auslander* v. *Textile Workers Union of America,* 397 N.Y.S. 232, 59 A.D. 2d 90 (1977). There the court undertook to reconcile the conflicting results in other states. The court reasoned that the claimant, on the one hand, should be bound by his acceptance of an official award of compensation in one state if he had actively participated in the procurement of the award and if the employer or insurance carrier had not improperly or in bad faith channeled the claim into that state. If the claimant, on the other hand, did not know that the payments he was receiving were pursuant to the laws of another state, and the payments were not made under an official award, "an employer's or carrier's contention that the payment is 'under the laws of another state' is a self-serving claim which should not be given effect." The New York court concluded that the issue there was one of fact and remanded the cause to the compensation board for further proceedings.

We agree with the general view expressed by the New York court and adopted by our own Court of Appeals, but we disagree with the latter's apparent assumption that no issue of fact is presented in the case at bar. Here no award

appears to have been made in Texas; so it cannot be said that the claimant has elected to proceed under Texas law by actively participating in the procurement of compensation in that state. On the other hand, the claimant testified that his compensation checks came from Beaumont, Texas, and that in response to a letter from the Texas Industrial Accident Board he had filled out a form describing how the accident happened and what treatment he had received. Thus this case, like the one in New York, falls somewhere between the two possible extremes. The Commission must weigh the competing considerations of policy to decide whether the running of the Arkansas statute was tolled by the Texas payments.

The issue was not fully developed in the testimony before the administrative law judge and in fact was not actually decided by the Commission, which treated the question as one of law. We shall not attempt to speculate about the controlling considerations of fairness to be followed when the facts have been fully developed and finally determined. The cause is remanded to the Court of Appeals with directions that it be sent back to the Commission for further proceedings.

Modified and remanded.

Harris, C.J., not participating.