HOUSTON CONTRACTING COMPANY and
CONTINENTAL INSURANCE COMPANY *v.*
Jessie T. YOUNG

CA 80-310                                        607 S.W. 2d 83
Court of Appeals of Arkansas
Opinion delivered November 5, 1980

1010

*Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellants.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

MARIAN F. PENIX, Judge. This case is before our Court for the second time. Jessie T. Young was injured August 11, 1974 while working for Houston Contracting Company in the state of Texas. Jessie Young has been receiving payments under the Texas Workers' Compensation Act since 1974. In December, 1977 the claimant filed a claim for benefits under the Arkansas Workers' Compensation Act. He is a resident of Arkansas and was at the time of his injury. The Commission held the claim to be barred on the theory it was filed more than one year from the date of the last payment of compensation. The claimant appealed this decision to this Court. The Court reversed the Commission and held the Statute of Limitations had not run against the claimant and remanded the case to the Commission. The Supreme Court reviewed the case and reversed this Court ordering a remand to the Commission for the taking of additional testimony on the question of whether or not the Statute of Limitations had run. *Houston Contracting Company et al v. Jessie T. Young*, 267 Ark. 322, 590 S.W. 2d 653 (1979). The Supreme Court found the record to be incomplete on the question of whether or not the claimant actually had knowledge he was receiving benefits under the Workers' Compensation laws of the state of Texas. Upon remand to the Commission, additional testimony was heard and the Commission found the claim was not barred by the limitations period because the claimant did not actively participate in the procurement of an official award of compensation in Texas and was unaware his benefits were paid pursuant to the Texas Law. Houston Contracting Company and Continental Insurance Company appeal.

The sole issue stipulated to by both parties is whether there is evidence the claimant knew he was being paid under the laws of the state of Texas. The Supreme Court held it was a question of fact as to whether the statute was tolled. Both Texas and Arkansas have concurrent jurisdiction. There is a limit on the benefits paid in the state of Texas while there is no such limit in Arkansas. The Commission awarded the claimant permanent total disability pursuant to the Arkansas Workers' Compensation Act, the respondents to receive credit for all payments made under the Texas Act.

The Commission found as a fact that the claimant did not actively participate in the procurement of an official award of compensation in Texas and was not aware he was receiving benefits pursuant to the Texas law until shortly before he filed his claim in Arkansas.

The claimant had retired from Houston Contracting Company in 1972. In August 1973 Houston rehired claimant to come to Texas to help with some road boring. He continued to draw his retirement pay. On October 11, 1974 the claimant ruptured three discs in his back. He was sent to a Dr. Lloyd Smith at Vidor, Texas then to Beaumont for X-rays. The claimant asked Dr. Smith if he could enter the hospital in El Dorado which was close to his home at Felsenthal. Claimant returned to El Dorado and entered the hospital. Subsequently Dr. Callaway, an orthopedic surgeon, operated on claimant's back. Later he was referred to Dr. Fletcher, a neurosurgeon in Little Rock. Later the claimant had additional surgery in Houston. He testified he knew he was receiving compensation payments and the checks came from Beaumont. He did say he didn't know under which state law he was being paid. After receiving payments for eighteen weeks, the claimant received a form from the Texas Industrial Accident Board requesting that he describe how the accident happened and the treatment he had received. No official award was ever entered in Texas.

The claimant further stated he did not know there was more than one Workers' Compensation Law, but rather he thought it was like social security — alike in all states. When the claimant asked for travel expenses from Felsenthal to

Houston for medical treatment, the adjustor, Steve Arrambide, told him he could not be reimbursed for his trips to Dr. Ponder in Houston.

The Texas Industrial Accident Board wrote the claimant suggesting the claimant might benefit from services of Rehabilitation in his home state and provided claimant with the address in Little Rock.

The respondents contend that the Commission's specific finding that the claimant did not know until he filed his present claim for benefits under Arkansas law that he was being compensated under the laws of Texas, is not supported by substantial evidence.

As we have reiterated on numerous occasions, our role is not to make factual findings. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979). Rather, we must determine if there is any substantial evidence to support the fact findings of the Commission. In our examination of the record, we find there is substantial evidence to support the decision of the Commission. First of all, it is the claimant's testimony he thought Workers' Compensation benefits were determined by one law effective in every state much like Social Security. For the uninformed layman, this is not a preposterous assumption. The claimant further stated he received payments for eighteen weeks before he ever received any forms to fill and that he himself did nothing to precipitate or initiate the compensation. He did not file a claim nor have any advice about the compensation until he was advised he would not be reimbursed for his travel expenses. This is substantial evidence. It is logical to assume the injured worker has no way of knowing nor any reason to know the compensation under the laws of his home state of Arkansas is more beneficial.

The Supreme Court's decision cites *Auslander* v. *Texile Workers' Union of America*, 379 N.Y.S. 2d 232, 59 A.D. 2d 90 (1977) for the illustration of two situations. One situation results in the second state's statute being tolled. The other situation results in the statute running. Where the employee has actively sought benefits or initiated the claim with the

Commission of the particular state, the Statute of Limitations would run. Payment of compensation in this situation would not toll the statute. Instances of the tolling of the statute are those situations where the recipient of benefits under the law of the first state is not on notice he is being paid pursuant to a specific state law. We find the case at hand to be a situation where the claimant was not on notice his payments were made pursuant to the law of Texas, and that such law was different from the Workers' Compensation Law in Arkansas.

Finding there to be substantial evidence to support the Commission's findings, we therefore affirm with regard to the evidentiary question.

The respondents' second point for reversal is a request for a remand to clarify the imposition of the controversion penalty. The respondents contend they have never controverted the Texas payments. The claimant concedes there has been no controversion of the Texas payments. According to the claimant, a remand is unnecessary. The Commission's order states the respondents shall pay the maximum allowable attorney's fee on the controverted portion of this award and the respondents are further directed to pay the claimant's attorney an additional fee of $100.00 for services rendered on appeal to the Full Commission. We find no ambiguity in this order. The penalty is imposed on the portion of the award which was controverted, namely the compensation to be paid in Arkansas.

The respondents are directed to pay the claimant's attorney the maximum fee for services rendered on appeal to this Court.

Affirmed.