Theressa BIDDLE *v.* SMITH & CAMPBELL, INC., and
Rockwood Insurance Company

CA 88-394                                              773 S.W.2d 840

Court of Appeals of Arkansas
Division I
Opinion delivered May 17, 1989

*William F. Magee*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

JUDITH ROGERS, Judge. The Arkansas Workers' Compensation Commission found that the appellant, Theressa Biddle, had made an election of remedies and had knowingly been receiving workers' compensation benefits from the State of Louisiana. Accordingly, the Commission found that it was without jurisdiction and denied and dismissed her claim. We affirm.

On September 21, 1985, appellant was injured in Louisiana while working for the appellee, Smith & Campbell, which has its principal place of business in Springhill, Louisiana. Appellant testified that she had lived in Bradley, Arkansas, all of her life and that she and Rollie Biddle worked as independent contractors for appellee, cutting, hauling and delivering wood. As a result of that injury, appellee has been receiving benefits pursuant to Louisiana workers' compensation law through appellee's insurance carrier.

A hearing was held before an administrative law judge on September 4, 1987, to determine whether the Arkansas Workers' Compensation Commission had jurisdiction over this claim. The administrative law judge found that appellant made an election of remedies and had knowingly been receiving workers' compensation benefits from the State of Louisiana. The full Commission affirmed and adopted the administrative law judge's decision. Appellant argues that the Commission erred in denying and dismissing her claim based upon that finding.

The determination as to whether an election of remedies has been made depends upon whether the claimant actively initiated the proceedings or knowingly received benefits pursuant to the laws of another state. In *Houston Contracting Co. v. Young*, 267 Ark. 322, 590 S.W.2d 653 (1979), the supreme court addressed the issue of whether payments of compensation made to the injured worker under the laws of one state toll the statute of limitations as to a claim later filed in another state. Even though the question presented to this court differs, the underlying principles and reasoning involved are the same. In *Houston Contracting Co.*, 267 Ark. at 326, 590 S.W.2d at 654, the supreme court agreed with the reasoning of a New York case, *Auslander* v. *Textile Workers Union of America*, 397 N.Y.S. 232, 59 A.D.2d 90 (1977).

There the court undertook to reconcile the conflicting

results in other states. The court reasoned that the claimant on the one hand should be bound by his acceptance of an official award of compensation in one state if he had actively participated in the procurement of the award and if the employer or insurance carrier had not improperly or in bad faith channeled the claim into that state. If the claimant, on the other hand, did not know that the payments he was receiving were pursuant to the laws of another state, and the payments were not made under an official award, "an employer's or carrier's contention that the payment is 'under the laws of another state' is a self-serving claim which should not be given effect." The New York court concluded that the issue there was one of fact and remanded the cause to the compensation board for further proceedings.

The threshold inquiry in *Houston Contracting Co., supra,* was whether the claimant made an election of remedies to proceed under the laws of the first state. Only if no such election was made was it necessary to address the issue of whether the statute of limitations had been tolled. A claimant should be held to his affirmative acts and the resulting consequences of making an election of remedies.

■■ The Commission made a factual determination that this appellant made an election of remedies by knowingly receiving benefits pursuant to Louisiana workers' compensation law. On appeal this court is required to view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative value in favor of the order of the Commission. The issue on appeal is not whether the evidence would have supported a finding contrary to the one made. The question is solely whether the evidence supports the finding made by the Commission, and the decision must be upheld if supported by substantial evidence. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988).

■ Appellant testified that she had been receiving her benefit checks from Louisiana by mail. Opal Jones, appellee's office manager, testified that she telephoned appellant shortly after the injury to get information to file the report in Louisiana. Ms. Jones testified that she told appellant that she was seeking the

information to file a claim in Louisiana. Notably, appellant testified that a rehabilitation worker from Louisiana had visited her in her home on more than one occasion. Upon review of the evidence, we cannot say that there was no substantial evidence to support the Commission's decision that appellant had made an election of remedies and had knowingly been receiving workers' compensation benefits from the State of Louisiana.

AFFIRMED.

CORBIN, C.J., and MAYFIELD, J., agree.