Paul TOWERY *v.* HI-SPEED ELECTRICAL COMPANY

CA 01-195                                                    56 S.W.3d 391

Court of Appeals of Arkansas
Division III
Opinion delivered October 3, 2001

*Dagett, Donovan, Perry & Flowers, PLLC,* by: *Joe R. Perry,* for appellant.

*Laser Law Firm, P.A.,* by: *Frank B. Newell,* for appellee.

JOHN B. ROBBINS, Judge. Appellant Paul Towery brought a workers' compensation claim against appellee Hi-Speed Electrical Company, alleging that he sustained a compensable injury on November 7, 1997, which ultimately resulted in surgery to repair a herniated disc at C6-7 on June 10, 1999. Mr. Towery sought medical expenses, temporary total disability benefits from May 24, 1999, through October 25, 1999, and benefits for a seven-percent permanent partial impairment. After a hearing, the Workers' Compensation Commission found that Mr. Towery failed to prove that his neck problems were causally related to his work, and denied his claim.

Mr. Towery appeals from the decision of the Commission, arguing that it is not supported by substantial evidence. On cross-

appeal, Hi-Speed Electrical argues that the Commission lacked jurisdiction[1] because Mr. Towery elected a remedy by filing his workers' compensation claim in Tennessee. We affirm on direct appeal and on cross-appeal.

We first address the appellee's cross-appeal challenging the propriety of the Commission's exercise of jurisdiction over Mr. Towery's claim. The record shows that appellee is a Tennessee corporation, but Mr. Towery's residence and the site of the alleged compensable injury are in Arkansas. In a correspondence dated November 18, 1999, the Tennessee Department of Labor acknowledged receipt of a "First Report of Injury" form. However, this form is not in the record and testimony showed that it was apparently filed by Hi-Speed Electrical on June 24, 1999. The only other document in the Tennessee file is a notice indicating that the appellee was denying the compensation claim as of June 29, 1999. Nothing in the Tennessee file bore Mr. Towery's signature. Mr. Towery filed his claim with the Arkansas Workers' Compensation Commission on August 18, 1999.

Len Atkins, an employee of appellee's insurance carrier, testified that he had a telephone conversation with Mr. Towery on June 29, 1999, and that he explained to Mr. Towery that he could elect to bring a workers' compensation claim in either Arkansas or Tennessee. According to Mr. Atkins, Mr. Towery inquired about the difference in potential benefits, and Mr. Atkins told him that he could recover a higher amount if he filed in Tennessee. Mr. Atkins testified that he informed Mr. Towery that the limitations periods differed in that his claim was barred one year after the date of injury in Tennessee, as opposed to two years in Arkansas.[2] Mr. Atkins testified that Mr. Towery told him that he preferred to file his claim in Tennessee, and stated that "I could only assume he was under the assumption that we were going to deny his claim" because the statute of limitations had already expired in that State.

For its argument that Mr. Towery's claim in Arkansas was barred because he elected a remedy in Tennessee, appellee cites *Biddle v. Smith & Campbell, Inc.*, 28 Ark. App. 46, 773 S.W.2d 840

---

[1] Although appellee sometimes refers to a lack of jurisdiction of the Arkansas Workers' Compensation Commission to entertain Mr. Towery's claim, appellee does not actually argue that the presumption of jurisdiction created in Ark. Code Ann. § 11-9-707(1) was rebutted. Appellee's argument is based upon the election of forum or remedies doctrine.
[2] In his testimony, Mr. Towery denied that the statutes of limitations were discussed in their conversation.

(1989), where we held that the determination as to whether an election of remedies was made depends on whether the claimant actively initiated proceedings or knowingly received benefits pursuant to the laws of another state. We disagree with appellee and hold that the Commission correctly ruled that Mr. Towery's claim was not barred by the election-of-remedies doctrine.

■ It is undisputed that, unlike the situation in *Biddle, supra,* the appellant in the instant case received no benefits from another state. Nor are we persuaded that Mr. Towery "actively initiated" the Tennessee proceedings. After Mr. Towery informed the appellee that he was bringing a workers' compensation claim, the appellee elected to file a "First Report of Injury" in Tennessee. Shortly thereafter, a representative of appellee's insurer advised Mr. Towery that benefits might be slightly higher if he filed his claim in Tennessee, knowing full well that any action in that state was completely barred by the applicable statute of limitations. Although the insurer's agent testified that he explained the. statute of limitations provisions to Mr. Towery, Mr. Towery denied this and it is evident that he did not understand them or he would not have agreed to file the claim in Tennessee. At any rate, the only document filed in response to Mr. Towery's verbal representation that he preferred to proceed in Tennessee was the appellee's notice that it was denying the claim. Mr. Towery filed nothing in Tennessee, and his verbal preference made in response to the advice of the insurance representative falls well short of actively initiating Tennessee proceedings and electing a remedy in that state, and for these reasons the Commission committed no error in ruling that his claim in Arkansas was not barred by the election-of-remedies doctrine.

■ We now turn to the merits of Mr. Towery's point on direct appeal that the Commission's decision denying compensability was not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *American Greetings Corp. v. Garey,* 61 Ark. App. 18, 963 S.W.2d 613 (1998). The Commission's decision will be affirmed unless fair-minded persons with the same facts before them could not have arrived at the same conclusion. *Gansky v. Hi-Tech Eng'g,* 325 Ark. 163, 924 S.W.2d 790 (1996). In cases where a claim is denied because a claimant failed to show entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Hooks v. Gaylord Container Corp.,* 67 Ark. App. 159, 992 S.W.2d 844 (1999).

At the hearing, Mr. Towery testified that he has worked for the appellee from August 1997 through the present. He was attempting to load a 500 or 600-pound "jenny lift" onto a truck when it flipped. At that time, a pull bar at the bottom of the heavy equipment struck him in the chin, busted his lip, and almost knocked him out. Mr. Towery continued to work that day, but he reported the accident to his supervisor and an investigative report was filed.

Mr. Towery testified that, two or three days after the accident, he had a swollen and irritated place on the back of his neck, although "it didn't really hurt that bad at the time." He stated that four or five months later he began experiencing numbness in his left shoulder. He first sought medical treatment when he visited Dr. Grady Collum in September 1998, about ten months after the accident.

When he visited Dr. Collum, Mr. Towery did not know what was causing his problems, and he was diagnosed with bursitis. He was eventually referred to Dr. Guy L'Heureux, who continued conservative treatment without success. An MRI was conducted on May 28, 1999, which revealed a disc herniation at C6-7. Drs. John Lindermuth and Rommel Childress performed fusion surgery to repair the herniation on June 10, 1999, and Dr. Lindermuth subsequently assigned a seven-percent permanent impairment rating.

On direct examination, Mr. Towery testified that he suffered no other accidents that could have caused his neck injury, and he also asserted that he had no medical or physical problems when he began working for the appellee. However, on cross examination Mr. Towery acknowledged that he experienced back pain while working for a former employer and also experienced neck pain. He also acknowledged that he had been seeking treatment for back pain and pain in his right shoulder since as early as July 1996.

The medical evidence in this case documents a history of back and neck problems that predates the November 7, 1997, accident. A July 11, 1996, medical report by Dr. James Merritt references radiating shoulder pain and back and neck discomfort. A medical report from Dr. Shakeb Hashni, dated March 17, 1997, indicates that Mr. Towery was complaining of lower and upper back pain. Dr. Thrash, a chiropractor, reported on March 31, 1997, that Mr. Towery was complaining of back and neck pain. As a result of his diagnosis on that day, Dr. Thrash took Mr. Towery off of work from that date through May 1, 1997.

The only medical report directly addressing the compensability of Mr. Towery's injury was filed by Dr. Childress on June 18, 1999. In that report, Dr. Childress stated, "I have advised him that with the history that he has given, that [the accident] is the likely source of the disc rupture[.]"

For reversal of the Commission's decision, Mr. Towery argues that the Commission erred in failing to credit the opinion of Dr. Childress and that there was no medical evidence or testimony suggesting any cause for the herniation other than the work-related accident. While acknowledging that he had some medical problems that pre-existed the accident, Mr. Towery submits that these problems were different than his subsequent problems in that they generally affected his back and not his neck. Mr. Towery notes that he passed a pre-employment physical examination, and asserts, "There is simply no evidence that the disc herniation was caused in any manner other than the November 7, 1997, blow to the face."

■■ We hold that the Commission's opinion displays a substantial basis for its finding that Mr. Towery failed to prove a causal connection between his disc herniation and the November 7, 1997, accident. Contrary to Mr. Towery's argument, the medical evidence showed that he was suffering from both back and neck problems prior to the accident. Indeed, when Dr. Thrash took Towery off work for the month of April 1997, his report indicated both back and neck complaints, and his primary diagnosis on a disability claim form was cervicalgia. The Commission gave little weight to Dr. Childress's opinion that the neck condition was likely compensable, noting that his opinion was in part based on an inaccurate history given by Mr. Towery, who told Dr. Childress that he experienced no pain or difficulty prior to the incident at work. It is well settled that the weight to be given medical testimony is for the Commission to determine. *See Wal-Mart Stores, Inc. v. VanWagner*, 63 Ark. App. 235, 977 S.W.2d 487 (1998). Moreover, the evidence showed that Mr. Towery continued to work after the accident and experienced no symptoms of numbness for four or five months, and that he failed to seek medical treatment until more than ten months later. Under these facts, fair-minded persons could have come to the Commission's conclusion that Mr. Towery failed to establish a compensable injury.

Affirmed on direct appeal and on cross-appeal.

BAKER and ROAF, JJ., agree.