Neil D. WILLIAMS *v.* BROWN'S SHEET METAL/
CNA INSURANCE COMPANY

CA 02-428                                                    105 S.W.3d 382

Court of Appeals of Arkansas
Divisions I and II
En Banc
Opinion delivered April 23, 2003

460

*Dale Grady*, for appellant.

*Laser Law Firm, P.A.*, by: *Frank B. Newell.*

R OBERT J. GLADWIN, Judge. Appellant, Neil Williams, appeals from a decision by the Workers' Compensation Commission denying his claim for benefits. For reversal, appellant argues that the Commission's decision was not supported by substantial evidence. We affirm.

On December 25, 1998, appellant was working at Virco Manufacturing Company as an employee of Brown's Sheet Metal, lifting heavy exhaust fans that weighed approximately 700 pounds each. He worked for about four hours at this task. Appellant went to the doctor on December 31, 1998, and was diagnosed as having a kidney infection. When the pain in appellant's back persisted past the healing of the infection, he saw his regular doctor and several other doctors over the next two to three years for treatment of his back pain. Appellant sought workers' compensation benefits, contending that he had injured his back when lifting the fans at Virco. The administrative law judge denied appellant's claim. The Commission remanded the case to settle the record as to the deposition of appellant's witness, Dr. Thomas Hart. Thereafter, the law judge filed a supplemental opinion that modified his findings of fact and denied appellant's claim. The Commission affirmed and adopted the law judge's opinion and findings.

The Commission concluded that there was nothing in the record to indicate that a specific-incident injury had occurred and that appellant had thus failed to meet his burden of proving the existence of a compensable injury. Although appellant claimed he injured his back while lifting the fans, he could not identify a specific incident or moment in time when he might have sustained this injury. According to appellant's testimony, he suspected he had a kidney infection but could not tell if the pain he was experiencing was related to the kidney infection or if he had injured his back. Appellant stated that he assumed that because the fans were so heavy, lifting them must have been what caused his back to hurt. Appellant also acknowledged prior back injuries, occasions when he experienced low back pain severe enough to cause him to walk "in a crooked position," and involvement in an automobile accident in 1993.

One of appellant's co-workers testified that following the day's work, appellant stated that he thought he might have pulled something in his lower back. Several physicians treated appellant, and their collective testimony established that appellant had degenerative disc disease of the lumbar spine and that he suffered multilevel annular disc disruption or annular tears.

In determining the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence. *Winslow v. D & B Mech. Contr.s*, 69 Ark. App. 285, 13 S.W.3d 180 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Farmers Coop. v. Biles*, 77 Ark. App. 1, 69 S.W.3d 899 (2002). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the con-

clusions arrived at by the Commission. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002).

Viewing the evidence in the light most favorable to the Commission's findings, the record shows that although appellant had suffered physical injury to his back, there is nothing to indicate that a specific-incident injury occurred other than appellant's own testimony that he "thinks" an injury must have occurred while he was lifting the heavy fans at Virco. Appellant's medical records clearly demonstrate the presence of degenerative disc disease. There were no eyewitness accounts of the alleged injury, and appellant's own testimony is less than determinative; in fact, his testimony establishes that there was no specific incident of injury and that his claim of injury while lifting the fans is based solely upon his deduction that the injury must have occurred then because the fans were heavy.

Appellant's witness, Dr. Thomas Hart, opined that regardless of appellant's preexisting degenerative disc disease, the on-the-job lifting incident was the major cause of appellant's current disability. The Commission noted that while Dr. Hart had objectively proven the existence of annular tears that were causing appellant's back pain, he could only speculate as to the origin of the annular tears by relying on assumptions that had been furnished to him by appellant. The Commission found, in assessing the weight to accord Dr. Hart's opinion, an over-reliance by the doctor on the appellant's related history and accounts of an alleged job-related injury. The Commission further found that when subjected to cross-examination, the doctor's responses were speculative as to the issue of causal relationship.

It is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Oak Grove Lumber Co. v. Highfill*, 62 Ark. App. 42, 968 S.W.2d 637 (1998). The Commission has a duty to use its experience and expertise in translating the testimony of medical experts into findings of fact. *Id.* It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted; and when it does so, its

findings have the force and effect of a jury verdict. *Marrable v. Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988). The Commission is not bound by a doctor's opinion that is based largely on facts related by a claimant where the claimant's own testimony is less than determinative. *See Roberts v. Leo Levi Hospital*, 8 Ark. App. 184, 649 S.W.2d 402 (1983).

In reviewing the Commission's decision, the question is not whether the evidence would have supported findings contrary to the ones made by the Commission or even whether we would have reached a different conclusion upon the same facts; the question is whether reasonable minds could reach the conclusion made by the Commission. *See Wal-Mart Stores, Inc. v. VanWagner*, 337 Ark. 443, 990 S.W.2d 522 (1999); *Winslow v. D & B Mech. Contrs.*, 69 Ark. App. 285, 13 S.W.3d 180 (2000). When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Daniels v. Arkansas Dep't of Human Servs.* 77 Ark. App. 99, 72 S.W.3d 128 (2002). Here the Commission's decision displays a substantial basis for the denial of relief, and we affirm.

Interspersed throughout appellant's argument are references to his contention that the administrative law judge intentionally excluded a deposition transcript from the evidence in his case and his suggestion that the Commission aided the law judge in "covering up" his action by remanding the case for the law judge to settle the record and issue a supplemental opinion. We agree with the Commission that the unintentional error in excluding from the record the deposition of Dr. Hart was corrected by the remand and the supplemental order that made the deposition transcript a part of the record. As noted by the Commission, the law judge reviewed the evidence, including the testimony of Dr. Hart, and amended his findings accordingly. Any unfairness that might have existed was cured by the law judge's consideration of Dr. Hart's deposition upon remand. Appellant's claims are without merit as he offers no facts or evidence to support his claims of prejudice, bias, or a cover-up.

Affirmed.

PITTMAN, ROBBINS, BIRD, and GRIFFEN, JJ., agree.

HART, J., dissents.

JOSEPHINE LINKER HART, Judge, dissenting. I disagree with the majority's conclusion that the Commission's opinion displays a substantial basis for the denial of relief. Rather, I agree with the opinion of the dissenting commissioner who, after thoroughly analyzing the medical evidence, concluded that even though appellant was a poor historian, he did prove that he sustained a compensable injury.

Appellant testified that in late December of 1998 his back began hurting after helping co-workers lift fans weighing 700 pounds. After work that day, he told his wife about his back. Although appellant did not recall speaking to his co-worker, Richard Alonzo, about his back, Alonzo remembered that he had been working with appellant lifting the fans when a supervisor reassigned appellant to other work. Further, Alonzo stated that he saw appellant hold his back and heard appellant say to him, "I think I pulled something."

The issue was complicated when appellant was first examined by Dr. Christi Williams on December 31, 1998, and she determined that he suffered from a kidney infection. However, appellant's back pain persisted after the kidney infection had been treated. Thereafter, numerous tests were performed on appellant's lumbar spine to determine the cause of his pain.

Dr. Hart reported on August 18, 2000, that although appellant "had preexisting degenerative disc disease, the history of specific back injury in December of 1998 . . . was the onset or precipitating and major cause of his continued back, buttock, and lower extremity pain . . . and disability, based on subjective and objective findings." Further, Dr. Hart stated with reasonable medical certainty that the "discography demonstrated multiple levels of disc disruption, well documented, secondary to his on-the-job injury."

Although Dr. Hart acknowledged that appellant had degenerative changes, he opined that appellant did not have annular tears prior to the injury because "annular tears are extremely painful, and they can make you dysfunctional." When discussing the annular tears in the four different discs, Dr. Hart stated that he was sure that the L3-4 area had "dealt him a big blow in his back problems because there's a large bulging disc." Moreover, Dr. Hart opined that tears in the annular disc do not always result in immediate pain and that it was common for patients to describe a pop in their backs and the pain to continually get worse with time. Dr. Hart ultimately opined in his testimony that regardless of appellant's preexisting degenerative disc condition, the on-the-job lifting incident was the major cause of his current disability condition and treatment.

The findings of the ALJ, as adopted by the Commission, stated:

> While Dr. Hart has objectively proven to the satisfaction of this examiner that the Claimant has 4 annular tears which are the cause of Claimant's back pain, he can only speculate as to the origin of the annular tears by relying on "assumptions" that have been furnished to him by the Claimant himself. The Claimant's age, work experience in hard manual labor, diabetes, arthritis, and degenerative disc disease have all been dismissed in relying solely upon Claimant's relation of facts and, as such, Dr. Hart has utilized "assumptions" and speculation to express his opinion as to a causal connection between the annular tears and an on the job injury.

There is nothing in the evidence to establish that appellant has been diagnosed with diabetes. In fact, the medical evidence specifically provides that appellant does not have diabetes. Furthermore, the findings of the Commission are based on Dr. Hart's reliance on appellant's recitation of the fact that he was lifting heavy equipment at the time of the injury. In adopting the findings of the ALJ, the Commission disregarded Dr. Hart's testimony because he was not able to opine as to when appellant's condition originated and because he relied on appellant's own statements in order to relate the condition to his employment. This disregard of Dr. Hart's testimony, however, was arbitrary because Dr. Hart based his testimony on the common-sense observation that appel-

lant's complaints of back pain began following a day of very heavy work and that he was pain free before that day and thereafter, he was in pain with multiple problems.

In *Edens v. Superior Marble & Glass*, 346 Ark. 487, 492, 58 S.W.3d 369, 373 (2001), our supreme court addressed Arkansas Code Annotated section 11-9-102(4)(A)(i), which defines "compensable injury," and stated:

> A strict construction of the statute does not require, as a prerequisite to compensability, that the claimant identify the precise time and numerical date upon which an accidental injury occurred. Instead, the statute only requires that the claimant prove that the occurrence of the injury is capable of being identified. The inability of the claimant to specify the date might be considered by the Commission in weighing the credibility of the evidence, but the statute does not require that the exact date be identified. Therefore, we reverse the Commission's decision to the extent that it was based on Mr. Eden's inability to provide an exact date of the injury, and remand for the Commission to consider the compensability of Mr. Eden's claim in a manner consistent with our interpretation of section 11-9-102(4)(A)(i).

Furthermore, in *Edens*, the supreme court stated that the "Commission may not arbitrarily disregard the testimony of any witness, nor may the Commission arbitrarily disregard other evidence submitted in support of a claim." *Id.* at 492-93, 58 S.W.3d at 373.

Here, the evidence established that appellant did suffer from degenerative disc disease; however, the main source of his complaints occurred after the December 1998 on-the-job injury. Although the Commission has discretion to accept or reject medical testimony, it must be noted that Dr. Hart's analysis and diagnosis were not refuted by any of the other treating physicians. Because the Commission was presented with no other evidence to refute Dr. Hart's testimony, it must be concluded that the Commission arbitrarily disregarded his medical testimony as to the cause of appellant's injury. Here, the medical evidence presented established that the Commission's opinion did not display a substantial basis for the denial of relief. Therefore, I respectfully dissent.