Jay ELLIOT *v.* MAVERICK TRANSPORTATION
and Liberty Mutual Fire Insurance Company

CA 03-1348                                         189 S.W.3d 62

Court of Appeals of Arkansas
Division III
Opinion delivered June 23, 2004

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Michael E. Ryburn*, for appellee.

Andree Layton Roaf, Judge. Appellant Jay Elliot appeals from the Workers' Compensation Commission's decision barring his claim under the election of remedies doctrine, and alternatively holding that Elliot failed to prove by a preponderance of the evidence that he was entitled to additional medical treatment and temporary total disability benefits. We agree that Elliot's claim is barred by the election of remedies, and affirm.

Elliot, an Oklahoma resident, injured his back while employed as a truck driver for Maverick Transportation (Maverick), an Arkansas corporation, on January 18, 2001. Elliot's injury, which occurred in Warren Park, Illinois, resulted when he attempted to lift a heavy tarp. He felt his back pop, experienced pain

radiating into his right leg, and fell to the ground. Upon being notified of Elliot's injury, Maverick filed a workers' compensation claim in Arkansas, which paid Elliot $410 in weekly benefits. Elliot sought treatment from his family physician, Dr. Rick Robbins, on January 22, 2001. Dr. Robbins diagnosed Elliot with a lumbar strain and returned him to regular duty at work. Elliot continued to complain of pain and was taken off work. He underwent a CT scan, which revealed a disc bulge at L4-5 and budding at the L4 nerve root. Thereafter, Elliot began a regimen of physical therapy, which he complained made his back worse. Dr. Robbins stopped the physical therapy and referred him to Dr. Queeney, a neuro-surgeon. Dr. Queeney performed an MRI and concluded that Elliot was not a candidate for surgery and referred him back to Dr. Robbins.

In the meantime, Elliot filed a workers' compensation claim in Oklahoma and began receiving benefits in Oklahoma. Accord-ing to Elliot, his claim in Oklahoma was dismissed for lack of jurisdiction before a decision on the merits was reached. Also according to Elliot, the Oklahoma court refused to hear the case because he was hired in Arkansas and hurt in Illinois. Elliot's Oklahoma counsel then told him that he would find an attorney in Illinois, the place of injury, to represent him. Several weeks later, an attorney in Illinois contacted him and sent some papers, which Elliot signed. Elliot testified that he did not know what the papers were or whether or not a claim form was included in the paper-work. He subsequently received $473 in weekly benefits on the Illinois claim through September 24, 2001.

On April 2, 2001, Elliot was referred to Dr. Keith Holder. Dr. Holder diagnosed Elliot with a lumbar myofacial strain, recommended trammel injections and physical therapy, concluded that Elliot could return to work, with no lifting, pushing, or pulling of thirty pounds, and opined that he did not need any further medical treatment. Dissatisfied with Dr. Holder's progno-sis, Elliot returned to Dr. Robbins on April 19, 2001, complaining of continued pain in the right lumbar region, with radiation into his right leg. Dr. Robbins instructed him to remain off work and referred him to Tulsa Neurological Spine Institute. Dr. Robbins concluded that Elliot had reached his maximum medical improve-ment, but also stated that Elliot's problems could not be fixed medically. Dr. Robbins continued Elliot off work, based on his continued complaints of pain. At Tulsa Neurological Spine Insti-tute, Elliot was treated by Dr. James Rogers, who ultimately

concluded that after reviewing Elliot's MRI and bone scans he was "hard pressed to state what the main etiology" of Elliot's complaints are. Elliot also saw Dr. Dulowski, who noted that Elliot had "spasms of paravertebral muscles" and returned Elliot to work after examining him and diagnosing him with sciatica radiculopathy. Elliot received medical treatment through September 24, 2001.

On September 24, 2001, Maverick controverted Elliot's claim to any further medical treatment and to any further temporary total disability benefits. Elliot's Illinois counsel suggested that he retain counsel in Arkansas, and the claim filed in Illinois was voluntarily dismissed. Elliot retained Arkansas counsel and filed his workers' compensation claim in Arkansas. Maverick asserted that the claim was barred by the election of remedies doctrine.

A few weeks prior to the hearing in Arkansas, Elliot saw Dr. Holder again. During this examination, Dr. Holder attempted to perform a functional capacity test, which Elliot did not complete. According to Dr. Holder, Elliot displayed inconsistent results upon testing of his lumbar spine. He stated that Elliot's subjective complaints outweighed the objective findings. On September 18, 2002, Dr. Holder found that Elliot had reached maximum medical improvement and awarded him a 0% impairment rating with no recommendation for further treatment.

A hearing on the matter was held on September 26, 2002, and in her December 13, 2002 order, the Administrative Law Judge found that Elliot's claim was not barred by the election of remedies doctrine because Elliot voluntarily dismissed his Illinois claim before seeking an award of benefits to proceed with the Arkansas claim. Concluding that Elliot had not received an "official award" of compensation, the ALJ found that the election of remedies doctrine did not bar his claim. However, the ALJ found that Elliot did not prove that he was entitled to additional medical treatment or temporary total disability. Elliot appealed the decision that he had not proven by a preponderance of the evidence that he was entitled to continued medical treatment, and Maverick appealed the decision that the election of remedies doctrine did not bar Elliot's claim to the Commission. The Commission found that the election of remedies doctrine barred Elliot's recovery because he knowingly received benefits pursuant to Oklahoma law and actively initiated proceedings in Illinois. The Commission also, in the alternative, affirmed the ALJ's decision that Elliot had not met his burden of proof. Elliot appeals.

█ In considering appeals from decisions of the Commission, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings and will affirm the decision if the findings are supported by substantial evidence. *Williams v. Browns Sheet Metal/CNA Ins. Co.*, 81 Ark. App. 459, 105 S.W.3d 382 (2003). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* If reasonable minds could reach the Commission's decision, we must affirm the decision. *Id.* It is the exclusive function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Id.* The credibility of witnesses' testimony is within the province of the Commission. *Id.*

Elliot argues that the Commission erred in finding that his claim was barred by the election of remedies doctrine because, although he received some workers' compensation benefits from the Illinois claim, he did not proceed to a hearing on the merits, "but instead the same were either dismissed for lack of jurisdiction or voluntarily dismissed."

In *Towery v. Hi-Speed Electrical Co.*, 75 Ark. App. 167, 56 S.W.3d 391 (2001), the employer-appellee in a workers' compensation action argued that the appellant's claim was barred by the election of remedies doctrine. In *Towery*, the appellant, an Arkansas resident, was injured in Arkansas while working for the appellee, a Tennessee corporation. The appellee filed a "First Report of Injury" in Tennessee, and the only other document in the Tennessee file was a notice indicating that the appellee was denying compensation. Apparently, during the pendency of the claim, the appellee's insurance carrier contacted the appellant and told him that he could file his claim in either Tennessee or Arkansas, but that his compensation rate would be higher if his claim were filed in Tennessee. Although the appellant verbally expressed a desire to file his claim in Tennessee, the Tennessee file did not contain any documents bearing his signature. The appellant subsequently filed his claim in Arkansas.

█ Citing *Biddle v. Smith & Campbell, Inc.*, 28 Ark. App. 46, 773 S.W.2d 840 (1989), the *Towery* court held that the election of remedies doctrine did not bar the appellant's claim. "[W]hether an election of remedies was made depends on whether the claimant actively initiated proceedings or knowingly received benefits pursuant to the laws of another state." *Towery*, 75 Ark. App. at 170,

56 S.W.3d at 394. The *Towery* court concluded that the appellant neither received benefits from Tennessee, nor did he actively initiate the Tennessee proceedings. The appellant did not file any documents in the Tennessee case, and his verbal preference was not indicative of actively initiating.

■ In *Biddle supra,* the Arkansas Workers' Compensation Commission found that the appellant's claim was barred by the election of remedies doctrine because she knowingly received benefits from Louisiana, and this court affirmed. The appellant, an Arkansas resident, was injured in Louisiana while working for the appellee, which had its principal place of business in Louisiana. The appellant began receiving benefits pursuant to Louisiana law through the appellee's insurance carrier. The appellate court affirmed the Commission, concluding that the appellant made an election of remedies by knowingly receiving benefits.

The *Biddle* court relied on *Houston Contracting Co. v. Young*, 267 Ark. 322, 590 S.W.2d 653 (1979). Although *Houston, supra*, dealt with conflicting statutes of limitation for two different states, the threshold issue was whether the claimant had made an election of remedies by proceeding under the laws of the first state. The *Houston* claimant was an Arkansas resident working for the appellant, a corporation authorized to do business in Arkansas with its headquarters in Houston, Texas, when he injured himself on a construction job in Texas. Thus, both Texas and Arkansas had jurisdiction over the matter. The claimant underwent medical treatment in Arkansas and Texas and the compensation carrier made payments under the Texas compensation law until the claimant employed counsel and filed a claim in Arkansas, after which the appellant stopped the payments.

■ Noting that the court of appeals relied on *Auslander v. Textile Workers Union of America*, 59 A.D.2d 90, 397 N.Y.S. 232 (1977), the supreme court stated:

> The court [of appeals] reasoned that the claimant, on the one hand, should be bound by his acceptance of an official award of compensation in one state if he had actively participated in the procurement of the award and if the employer or insurance carrier had not improperly or in bad faith channeled the claim into that state. If the claimant, on the other hand, did not know that the payments he was receiving were pursuant to the laws of another state, and the payments were not made under an official award, "an employer's or

carrier's contention that the payment is 'under the laws of another state' is a self-serving claim which should not be given effect." The New York court concluded that the issue there was one of fact and remanded the cause to the compensation board for further proceedings.

*Houston,* 267 Ark. at 324, 590 S.W.2d at 654.

The *Houston* court agreed with the rationale of the court of appeals but disagreed with the court's assumption that no issue of fact was presented. The supreme court in *Houston* stated that no award appeared to have been made in Texas so it could not be said that the claimant elected to proceed under Texas law by actively participating in the procurement of compensation in that state. On the other hand, the claimant testified that his compensation checks came from Beaumont, Texas, and that he completed a form for the Texas board, describing how the accident happened and the treatment he had received. Thus, the *Houston* court concluded, "[T]his case, like the one in New York, falls somewhere between the two possible extremes. The Commission must weigh the competing considerations of policy to decide whether the running of the Arkansas statute was tolled by the Texas payments."[1] *Houston,* 267 Ark. at 324, 590 S.W.2d at 654.

■ Whether Elliot made an election of remedies is a question of fact. *Biddle, supra.* On appeal, this court is required to view the evidence in the light most favorable to the findings of the Commission and give the testimony the strongest probative value in favor of the Commission's order. *Biddle, supra.* The Commission found that Elliot had elected a remedy because he knowingly received benefits pursuant to Oklahoma law and actively initiated proceedings in Illinois, and we agree.

There is evidence that Elliot received benefits from both Oklahoma and Illinois. During his testimony, Elliot admitted receiving initial temporary total disability compensation payments of $410, which were increased to $473 when he filed his claim in

---

[1] On remand, the Commission heard additional testimony and found that the claimant did not know he was being compensated under Texas law, and, therefore, his claim was not barred by the statute of limitations because the claimant did not actively participate in the procurement of an official award of compensation in Texas. This court affirmed the Commission's decision in *Houston Contracting Co. v. Young,* 270 Ark. 1009, 607 S.W.2d 83 (Ark. App. 1980).

Oklahoma. He testified that he did not understand the "whole jurisdictional thing," and thought the payments were coming from the same entity — "just workman's comp is what I thought." The Oklahoma claim was dismissed for lack of jurisdiction. However, when Elliot's claim was filed in Illinois, his compensation again increased from $473 to $600 and he also received a lump sum check for $4,499 to compensate for the lower rate at which he had been paid under Oklahoma law. At this point it was apparent that Elliot was being compensated based on the law of the state in which he filed his claim, despite his testimony that he was not certain whether or not he was being compensated in accordance with a particular state's law.

In sum, the *Houston* court held that a claimant elects a remedy when he or she "actively participates" in the procurement of an official award of compensation. In *Biddle, supra*, this court held that if a claimant "actively initiated" the proceedings, or "knowingly received benefits" pursuant to the laws of another state, then the claimant has elected a remedy. It is clear that Elliot actively initiated and participated in the proceedings in Illinois by signing papers sent to him by his Illinois counsel and agreeing to the filing of his claim in Illinois, and that he knowingly received benefits pursuant to this award. Accordingly, we hold that Elliot's claim is barred by the election of remedies doctrine and we, therefore, need not address his second issue.

Affirmed.

VAUGHT and BAKER, JJ., agree.