Edward WILLIAMS *v.* JOHNSON CUSTOM HOMES, Virginia Surety Company, and Paysource, Inc.

07-1101                                         288 S.W.3d 607

Supreme Court of Arkansas
Opinion delivered October 23, 2008

Frederick S. Spencer, for appellant.

Roberts Law Firm, P.A., by: Jeremy Swearingen and Emily A. Neal, for appellee Paysource, Inc.

Bill H. Walmsley, for appellees Johnson Custom Homes and Virginia Surety Company.

DONALD L. CORBIN, Justice. The present appeal is before us on a petition for review of a decision of the Arkansas Court of Appeals affirming a decision by the Arkansas Workers' Compensation Commission dismissing Appellant Edward Williams's claim for benefits as estopped under the election-of- remedies doctrine and finding his constitutional arguments without merit. The primary issue to be determined on appeal is one of first impression — whether an employer may channel workers' compensation claims to foreign states with little or no ties to the employer or employee via contract. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(e). We reverse the Commission's order.

Williams was hired as a crew leader by Steve Johnson of Appellee Johnson Custom Homes in March 2002. Williams believed he was employed by Johnson, however he acknowledged

receiving paychecks from other companies. The first paychecks he received came from Corporate Solutions in Texas. In early 2004, Williams's paychecks began coming from Appellee Paysource, Inc., an Ohio company.

Williams was injured on the job on April 14, 2004, when he fell thirteen feet to the ground and slid another fifteen to twenty feet down a hillside. He injured his wrist and ankle and sought emergency treatment. Beginning on April 15, 2004, he received biweekly temporary total disability benefits for approximately seventeen to eighteen weeks from the Ohio Bureau of Workers' Compensation. Williams's doctor encouraged him to amend his claim to include injuries to his back and left knee, but a hearing before the Industrial Board of Ohio was required in order to add the additional injuries. Williams did not travel to Ohio for the hearing due to his injuries, and he was denied the opportunity to participate in the hearing by telephone. The Industrial Board of Ohio held the hearing on July 15, 2004, and denied the additional coverage.

Williams had initiated a claim for benefits in Arkansas on July 7, 2004. The Administrative Law Judge (ALJ) held a hearing in July 2005. All parties stipulated that Williams suffered a compensable injury on April 14, 2004; that Appellee Virginia Surety Company provided Johnson Custom Homes with workers' compensation coverage from April 7, 2004, until September 23, 2004; and that the Ohio Bureau of Workers' Compensation is a state-administered fund. The parties also agreed that the issue to be resolved was whether Williams's claim should be dismissed on the basis that Ohio had jurisdiction of the claim, or on the basis that Williams had elected his remedy by filing his claim in Ohio and by receiving benefits from Ohio. The ALJ entered an opinion dated October 7, 2005, finding, among other things, that Williams was not estopped by the election-of-remedies doctrine from pursuing his claim in Arkansas. On appeal to the Commission, the Commission reversed, finding Williams was estopped by the election-of-remedies doctrine. The Arkansas Court of Appeals affirmed the Commission. *Williams v. Johnson Custom Homes*, 100 Ark. App. 60, 264 S.W.3d 569 (2007). As previously stated, Williams petitioned this court for review, which we granted.

At the outset, we observe this court's recent reiteration of its standard for reviewing workers' compensation cases:

> In appeals involving claims for workers' compensation, this court views the evidence in a light most favorable to the Commis-

sion's decision and affirms that decision if it is supported by substantial evidence. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. The issue is not whether the appellate court might have reached a different result from the Commission, but rather whether reasonable minds could reach the result found by the Commission. If so, the appellate court must affirm the Commission's decision.

*Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 375, 284 S.W.3d 57, 60 (2008) (citations omitted). We need not review the evidence in detail here, however, because the first point for reversal presents a mixed question of law and fact, and our focus is on accurately determining the applicable law.

Appellant's first point for reversal is that the Commission erred in finding he was estopped from claiming benefits under Arkansas's workers' compensation laws because he knowingly received benefits pursuant to Ohio's workers' compensation laws and thereby made an election of remedies. Citing *Biddle v. Smith & Campbell, Inc.*, 28 Ark. App. 46, 773 S.W.2d 840 (1989), the Commission stated:

> [T]he Arkansas Court of Appeals has indicated that the determination as to whether or not an election of remedies has been made regarding workers' compensation benefits depends upon whether the claimant actively initiated the proceedings or knowingly received benefits pursuant to the laws of another state. We find that the instant claimant made an election of remedies by knowingly receiving benefits pursuant to the workers' compensation laws of the State of Ohio.

The Commission erroneously relied on *Biddle* and the misconceptions announced therein to determine that the proceedings Williams tried to initiate in Arkansas and his claim for benefits in Ohio were mutually exclusive. Such is not the law. The law is in fact to the contrary. For decades, the law has been well settled that all states having a legitimate interest in the injury have the right to apply their own diverse workers' compensation rules and standards, either separately, simultaneously, or successively. *Mo. City Stone, Inc. v. Peters*, 257 Ark. 917, 521 S.W.2d 58 (1975); *Int'l Paper Co. v. Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971); *McGehee Hatchery Co. v. Gunter*, 234 Ark. 113, 350 S.W.2d 608 (1961). Claims for compensation benefits may be instituted in both states having jurisdiction of the claim. *Peters*, 257 Ark. 917, 521

S.W.2d 58; *Tidwell*, 250 Ark. 623, 466 S.W.2d 488; *Gunter*, 234 Ark. 113, 350 S.W.2d 608. Of course, there can be no double recovery. 234 Ark. 113, 350 S.W.2d 608. The Full Faith and Credit Clause does not preclude successive workers' compensation awards, even if one statute or the other purports to confer an exclusive remedy on the claimant. *Thomas v. Wash. Gas Light Co.*, 448 U.S. 261 (1980). A supplemental award may give full effect to the facts determined by the first award and also allow full faith and credit for payments made pursuant to the first award; there is neither inconsistency nor double recovery. *Id.*

It is quite clear then that in relying on *Biddle*, 28 Ark. App. 46, 773 S.W.2d 840, the Commission based its finding on a misconception of the applicable law. We granted review in order to clarify the law to be applied when two states have jurisdiction of claims for the same compensable injury. We note that at all times relevant to this case, Williams was an Arkansas resident. He was working in Arkansas when he was injured in Arkansas. Johnson Custom Homes was an Arkansas company in the business of building residential homes in Arkansas. The only connection to Ohio was Johnson Custom Homes' relationship with Paysource, an Ohio company.

The factual issue of whether Williams knowingly initiated a claim for benefits in Ohio and knowingly received benefits from Ohio, does not, according to *Thomas, Peters, Tidwell*, and *Gunter*, amount to an "election of remedies" that precludes the possibility of receiving benefits under Arkansas's workers' compensation laws. The foregoing line of cases was good law when the court of appeals decided *Biddle. Biddle* neither acknowledges, discusses, nor distinguishes those cases; rather it cites *Houston Contracting Co. v. Young*, 267 Ark. 322, 590 S.W.2d 653 (1979), a case involving the tolling of the statute of limitations in workers' compensation cases filed in two states.[1] Reliance on *Young* was erroneous and wholly unnecessary given the state of the law as

---

[1] The *Biddle* court acknowledged that *Young* presented a statute-of-limitations issue, but then erroneously stated that the underlying principles and reasoning of *Young* were the same for resolution of the issue presented in *Biddle. Auslander v. Textile Workers Union of Am.*, 59 A.D.2d 90, 397 N.Y.S.2d 232 (1977), the New York case on which *Young* relied, specifically stated that no issues of jurisdiction were before it, and then went on to narrowly frame the issue as whether New York's definition of "advance payment" included payments of compensation from another state so as to toll New York's statute of limitations. The

announced in *Thomas, Peters, Tidwell,* and *Gunter.* The *Young* case is good law and on point for determining questions on the tolling of the statute of limitations, but *Biddle* should never have extended *Young* to the extent it did by applying it to the doctrine of election of remedies. The doctrine of election of remedies bars more than one recovery on inconsistent remedies, such as a tort remedy and a contract remedy. *Regions Bank v. Griffin,* 364 Ark. 193, 217 S.W.3d 829 (2005). The doctrine has no application to cases such as the present one where a claimant is seeking only one remedy, workers' compensation, but in more than one forum. The issue then is properly and accurately analyzed as one of jurisdiction and forum selection according to *Thomas, Peters, Tidwell,* and *Gunter.*

■ Accordingly, the *Biddle* case is hereby overruled. Likewise, also overruled are any subsequent decisions following *Biddle* and its application of the election-of-remedies doctrine to workers' compensation claims where two states have jurisdiction. *See, e.g., Elliot v. Maverick Transp.,* 87 Ark. App. 118, 189 S.W.2d 62 (2004). Because the Commission dismissed Williams's claim by relying on *Biddle* and its erroneous application of the election-of-remedies doctrine, we reverse the Commission's dismissal of this case and remand for further proceedings consistent with this opinion.

We address Williams's remaining points to the extent they are likely to arise on remand. First, Williams contends the Commission erred in finding Paysource and Johnson Custom Homes did not act improperly or in bad faith in obtaining Williams's signature on a document entitled "Agreement to Select the State of Ohio as the State of Exclusive Remedy." The Agreement at issue here is a fine-print, single-spaced document which bears the logo of the Ohio Bureau of Workers' Compensation and states as follows:

> Whenever, with respect to an employee of an employer who is subject to and has complied with sections of this chapter, there is [a] possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in

*Auslander* court observed in a footnote that it did not find persuasive the argument that the rendering of an award in one state was a bar to an award in another state under the Full Faith and Credit Clause.

a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. . . .

. . . .

The parties to this agreement represent to the Bureau of Workers' Compensation that there is possibility of conflict with respect to the application of the Workers' Compensation Laws because the contract of employment is entered into and all or some portion of the work is, or is to be, performed in different states, which states appear below opposite the employees' names.

Therefore, in view of the foregoing and pursuant to the provisions of R.C. Section 4123.54, the employer and said employees mutually agree to be bound by the Workers' Compensation Law of the State of Ohio; and it is mutually agreed that the employees shall be entitled to compensation benefits regardless of where the injury occurred or where the disease was contracted, and the rights of the employee(s) and his heir or their dependents under the laws of the State of Ohio shall be the exclusive remedy against the employer on account of injury, disease or death in the course of and arising out of employment.

The Agreement was made between Paysource and Williams. Williams signed the Agreement and listed Arkansas as the state where the work would be performed. We need not address Williams's assertion that the Agreement was a contract of adhesion or the result of coercion, because, under the facts of this case, the Agreement is void and unenforceable under both the Arkansas Workers' Compensation Law and the Arkansas Insurance Code.

■ The Arkansas Workers' Compensation Law contains a provision entitled "Waiver of compensation void" and states in part as follows:

(a) No agreement by an employee to waive his or her right to compensation shall be valid, and no contract, regulation, or device whatsoever shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this chapter, except as specifically provided elsewhere in this chapter.

Ark. Code Ann. § 11-9-108 (Repl. 2002). The Agreement at issue here is quite clearly a "contract . . . to relieve the employer . . . in

whole or in part from any liability created by" the Arkansas Workers' Compensation Law and is therefore void and unenforceable according to section 11-9-108(a). Assuming without deciding that the Agreement is permitted under Ohio law, to hold the Agreement void in Arkansas does not violate the Full Faith and Credit Clause because the State of Arkansas has a legitimate interest in the welfare of its injured workers and may, if appropriate, supplement benefits awarded by the State of Ohio to Arkansas residents injured while working in Arkansas. *See Thomas*, 448 U.S. 261; *see also Robert M. Neff, Inc. v. Workmen's Comp. Appeal Bd.*, 155 Pa. Commw. 44, 624 A.2d 727 (1993).

Moreover, the Agreement is also void under the Arkansas Insurance Code. The record reflects that Paysource was a professional employer organization that enters into contractual arrangements whereby it and other employers such as Johnson Custom Homes have the relationship of "coemployers" pursuant to the Arkansas Professional Employer Organization Recognition and Licensing Act, Arkansas Code Annotated sections 23-92-401–419 (Repl. 2004) (the PEO Licensing Act). Pursuant to section 23-92-409(c)(4)(A), the coemployers were responsible for filing a plan allocating the responsibility for obtaining workers' compensation coverage from a carrier licensed to do business in Arkansas. The Agreement at issue here providing coverage through the Ohio state-administered fund does not satisfy the requirement of section 23-92-409(c)(4)(A) and is therefore void as in violation of the Arkansas Insurance Code. Moreover, we note that on August 24, 2004, the Arkansas Insurance Commission issued a Cease and Desist Order finding that Paysource was not properly licensed under the PEO Licensing Act; that Paysource was in arrears of payment of unemployment taxes; and that for at least one of its Arkansas clients, Paysource had not obtained workers' compensation coverage from an insurance carrier licensed in Arkansas.

Next, we note that Williams filed a motion to recuse, which includes, among other constitutional challenges, a claim that the entire Arkansas Workers' Compensation Law is in violation of the Separation of Powers Clauses and the Due Process Clauses of the United States and Arkansas Constitutions. Essentially, Appellant alleges that the executive branch and private interests have exerted pressure on the Commission and the ALJs thereby infringing on the independence of the Commission and ALJs and resulting in biased decisions. The ALJ determined these arguments to be moot because he found for Williams by denying the motion to dismiss.

The Commission found without discussion that Williams had not demonstrated that Act 796 of 1993 was unconstitutional. It simply stated that it had already refuted all of the alleged constitutional violations raised by Williams's attorney in several prior cases involving different claimants, one of which was appealed to the court of appeals. *See Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 250 S.W.3d 263 (2007).

Although the record includes a letter from Appellant's attorney to the Attorney General's office giving notice of the constitutional challenge as required by Arkansas Code Annotated section 16-111-106 (Repl. 2006), the record does not contain any evidence that the Attorney General received such notice or responded to it.[2] The Attorney General did not make an appearance at the hearings below, nor has the Attorney General filed any briefs on this appeal. None of the Appellees in this case responded to the constitutional arguments, except to refer to them as "nonsensical ramblings" or moot as determined by *Long*, 98 Ark. App. 70, 250 S.W.3d 263.

■ The constitutional challenges were thus raised and ruled upon below but have not been briefed by both sides to this court. We are therefore presented with only one side of the argument and summary rulings below that did not address the merits. This court has stated that it does not strike down a legislative act on constitutional grounds without first having the benefit of a fully developed adversarial case. *Drummond v. State*, 320 Ark. 385, 897 S.W.2d 553 (1995); *see City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), *cert. denied*, 462 U.S. 1111 (1983). Full adversarial development is lacking in this case, and we therefore express no position on the constitutional questions. The lack of adversarial development in the present case does not, however, foreclose the possibility of our addressing the constitutional challenge in the future when the issue is properly presented to us.

---

[2] In oral argument, Appellant's attorney stated that the Attorney General did reply to his notice by letter indicating the Attorney General would not be involved in the case. Subsequent to oral argument, we denied Appellant's motion to take judicial notice of the fact that notice was given to the Attorney General. Attached to the motion was the letter response of the Assistant Attorney General stating that the Attorney General's office felt the matter would be competently defended and would not intervene.

The opinion of the Arkansas Workers' Compensation Commission is reversed and remanded for further proceedings consistent with this opinion; Arkansas Court of Appeals reversed.