In the Matter of the Claim of MARY AUSLANDER, Appellant, v TEXTILE WORKERS UNION OF AMERICA et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 4, 1977

*Roshwald, Bass & Caine (Hyman Bass* of counsel), for appellant.

*Foley, Smit, Morabito & O'Boyle (Hugh O'Boyle* of counsel),

for Textile Workers Union of America and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GREENBLOTT, J. P. Claimant's decedent, Charles Auslander, was an employee of the Textile Workers Union of America, a national labor union with headquarters in New York. There is evidence in the record that the decedent had been hired in New York originally, worked at various offices in different parts of the country at different times, received salary from New York and was under the direction and control of superiors in New York. On February 10, 1965, decedent was regional director of the union's local headquarters in Lynchburg, Virginia. His residence at the time was in South Carolina. On the date afore-mentioned, claimant was injured in Virginia, during the course of a business trip from New York to his office in Lynchburg. After initial hospitalization in Virginia, he was twice hospitalized in South Carolina, and died there on May 17, 1965.

A claim for workmen's compensation benefits and death benefits was brought in Virginia, and the facts relating to the initiation of that claim shall be hereafter developed. The award as made under Virginia law provided payments of $39 per week until May 16, 1965, and death benefits in the same amount for 300 weeks thereafter. On March 5, 1971 a claim was filed for death benefits in New York. The carrier controverted the claim on grounds of claimant's failure to file within two years of the date of injury or death under section 28 of the Workmen's Compensation Law and also urged that the New York Workmen's Compensation Board lacked jurisdiction. A decision of the referee finding no jurisdiction was reversed by the board. However, the board disallowed the claim, as previously indicated, pursuant to section 28. No appeal has been taken by the employer or carrier, wherefore no issues relating to the question of jurisdiction are before us.

Section 28 of the Workmen's Compensation Law establishes a two-year period of limitations for the filing of claims and further provides "[n]o case in which an advance payment is made to an employee or to his dependents in case of death shall be barred by the failure * * * to file a claim". The essence of claimant's position upon this appeal is that payments pursuant to the Virginia award constituted advance

payments of compensation within the meaning of section 28 so as to render inapplicable the two-year Statute of Limitations contained therein. While the definition of advance payment has received judicial consideration in countless cases, never before has a New York court been called upon to determine whether and under what circumstances payments of compensation pursuant to the award of another jurisdiction come within the scope of that term. The issue is thus one of first impression in New York.[1]

We feel that a determination of this issue requires, at the outset, consideration of the purpose underlying the statutory provision. As we see it, the advance payment rule is designed to protect a claimant (or his dependents in the case of death), who may be said to have been lulled into not filing a timely claim by the receipt of payments in the nature of compensation voluntarily made by the employer or carrier. Where a claim had been initiated in another jurisdiction with the knowing and active participation of the claimant or his dependents, the remedial purposes of the advance payment rule under section 28 would not seem to be applicable, and we so hold. Were the rule otherwise, the expiration of periods of limitations established under New York law could be deferred indefinitely by proceedings initiated by the claimant before a court or agency of another jurisdiction.

Consideration of the policy underlying the advance payment provision does not recommend the adoption of such a rule (see *Windrem v Bethlehem Steel Corp.,* 293 F Supp 1; *Industrial Comm. of Colorado v Pearcy,* 149 Col 457; *Jutton-Kelly Co. v Industrial Comm.,* 220 Wis 127). In the cases cited, claims for compensation were filed and awards made under the laws of one jurisdiction, and subsequent claims were filed in other jurisdictions after the time limits established by the statutory provisions of such other jurisdictions had run. The claimants in those cases argued that such time limits had been tolled by payments under the earlier awards, relying on statutory provisions removing the bar of the Statute of Limitations under provisions similar to our advance payment rule. These contentions were rejected.

---

1. Respondent's employer and carrier urged before the board that the rendering of an award in Virginia was a bar to an award by another jurisdiction, under the full faith and credit clause of the United States Constitution. While it does not appear that this contention is seriously pressed on appeal, we feel it appropriate to indicate that we do not find such a contention to be persuasive.

In our view, the approach adopted in the cited cases, in circumstances where payments are made and accepted pursuant to an official award of an appropriate court or agency in another State, the procurement of which award has been actively participated in by claimant, represents the interpretation which should be put upon the New York statute in similar circumstances. If payment is made pursuant to an official award of another State, and the carrier and employer have not improperly or in bad faith "channeled" the claim into that State, we do not think they should be held liable in another State on a claim filed after the expiration of the applicable period of limitations. This is particularly so where the claimant by his active participation obviously was not unaware of his need to seek an official award of compensation somewhere.

On the other hand, our attention has been brought to a small number of cases in which payments, voluntarily made without an official award, have been argued by carriers and employers to have been made under the laws of another jurisdiction (see *Industrial Ind. Exch. v Industrial Acc. Comm.,* 80 Cal App 2d 480; *Martin v L. & A. Contr. Co.,* 249 Miss 441). In those cases it was held that such voluntary payments did toll the running of the applicable Statute of Limitations, but we think it is the facts which call for a different result. In the *Martin* case, in particular, it was found that the claimant did not know that the payments he was receiving were pursuant to the laws of another State and he had received no notice to that effect. Where the payment is not pursuant to an official award, an employer's or carrier's contention that the payment is "under the laws of another state" is a self-serving claim which should not be given effect.

The evidence in the record before us tends to establish that in the ordinary course, compensation awards pursuant to Virginia law are the result of contracts entered into between the carrier and the claimant, which are subsequently approved by the Virginia Industrial Commission.[2] There is also testimony indicating that it is the common practice in Virginia for proceedings on claims to be instituted by employers. Here, there is evidence that the carrier, through its Virginia office, determined that the matter was subject to Virginia

---

2. A similar procedure appears to have been in effect in Michigan, the State under whose jurisdiction the first award was made, at the time of the *Jutton-Kelly* case *(supra).*

jurisdiction and submitted appropriate papers to the claimant. These papers were refused until claimant's attorney was contacted, whereupon they were subsequently presented to the attorney and were ultimately returned with claimant's signature. The record also contains a letter addressed from the Virginia commission to the carrier, a copy of which was sent to claimant, which refused to docket the matter until the claim was filed by the claimant. The claimant nevertheless argues, in substance, that she was improperly pressured into submitting the claim at a time when she was emotionally distressed by her husband's death, wherefore she should not be regarded as having waived her rights under New York law by the fact of having participated in the execution of the Virginia agreement.

While we do not profess familiarity with the broadly different procedural patterns of the workmen's compensation laws of other States, it does appear to us that the Virginia procedure as heretofore described is somewhat unusual. In appropriate circumstances, therefore, we recognize the power of our Workmen's Compensation Board to make a factual finding that a claimant has been lulled or even improperly pressured into "filing" a claim in another jurisdiction by an employer or carrier who seeks to avoid the obligation of more substantial payments which might be required under New York law. We by no means suggest that such is the case here, and in fact the situs of decedent's office and of his accident would suggest that the carrier's determination that the matter was cognizable under Virginia law would seem to have been made in good faith.

However, the board in the present case has done nothing more than conclude that the claim is barred by section 28. The case before us would seem to fall within that group of cases exemplified by *Windrem v Bethlehem Steel Corp.* (293 F2d 1, *supra), Industrial Comm. v Pearcy* (149 Col 457), *supra* and *Jutton-Kelly Co. v Industrial Comm.* (220 Wis 127, *supra).* If they are to be distinguished, it could only be upon a factual finding that the official Virginia award, though dependent to some extent on claimant's consent, was actually the result of a consent involuntarily obtained. Thus, if claimant's consent was in fact involuntary, resulting from overreaching or other improper acts by the carrier undertaken for the primary purpose of avoiding liability under New York law, the board, upon so finding, could determine that payments pursuant to the Virginia award should fall in the same category as volun-

tary payments where no official award is made. If, on the other hand, the board should find that the respondents have not acted in bad faith and that claimant knowingly and willfully participated in the procurement of an award of compensation from the State of Virginia, such findings should be set forth whereupon the conclusion that such payments do not constitute advance payment of compensation will be warranted.

The decision should be withheld, and the matter remitted to the Workmen's Compensation Board for further proceedings in accordance with this opinion.

MAHONEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Decision withheld, and matter remitted to the Workmen's Compensation Board for further proceedings in accordance with this opinion.