BRADLEY, Presiding Judge.
This is a workmen’s compensation case.
On June 26, 1987 Hattie Welbom (employee) instituted proceedings pursuant to the Workmen’s Compensation Act, §§ 25-5-1 through -231, Code 1975, against GTE *601 Communication Systems (employer). After an ore tenus proceeding the Circuit Court of Madison County held that the employee’s claim was time barred pursuant to the two-year statute of limitations in section 25-5-80, Code 1975. Employee appeals. We affirm.
The record reveals the following facts. On March 6, 1985 the employee suffered a rib and back injury from the performance of the Heimlich maneuver on her by a fellow employee to prevent her from choking. The company nurse checked her, and the employee worked the rest of the day. She did not work again until July 1, 1985. During the time the employee was off for the injury, she allegedly received checks from the employer comprising seventy-five percent of her weekly wages for thirteen weeks and fifty percent of her wages thereafter until she returned to work.
The employer filed a motion to dismiss, alleging the case was barred by the statute of limitations. This motion was denied and employer subsequently filed a motion for summary judgment on the same ground and indicated no form of compensation was paid to the employee so as to toll the statute. This motion was set for hearing on the date of the trial on the merits, and the court took the motion under advisement. The case proceeded to trial on the merits.
At the trial the only evidence presented regarding payments made to the employee was in the form of the testimony of the employee herself. She testified that she received the checks after an eight-day waiting period and that these checks were exactly like benefits she had received in 1979 and 1980 for previous injuries claimed to be workmen’s compensation injuries. These checks were made during the period of time the employee was unable to work. The employer presented no evidence in the case.
The trial court assessed the injury of the employee to be one that would be compen-sable but found that the statute of limitations barred the claim. The employee appeals to this court, claiming the payments made to her by the employer from the date of the injury until July 1, 1985 were compensation payments which would toll the running of the statute of limitations pursuant to section 25-5-80, Code 1975. We disagree.
Our standard of review in workmen’s compensation appeals is limited to an examination of the record to determine if any legal evidence exists to support the trial court’s findings and to affirm that finding if such evidence is found without weighing it. Transco Energy Co. v. Tyson, 497 So.2d 184 (Ala.Civ.App.1986). Further, the burden of proof in workmen’s compensation cases is on the employee to prove all the elements of the claim. Big “B” Discount Drugs v. Parker, 401 So.2d 115 (Ala.Civ.App.1981). Our research, however, has yielded no Alabama cases involving the burden of proof in cases involving section 25-5-80, Code 1975, i.e. whether the employee or the employer bears the burden of proof regarding the tolling of the statute of limitations via the payment of compensation.
In the instant case the employer alleged the claim was time barred. At trial it was revealed the injury occurred on March 6, 1985. The complaint was filed on June 26, 1987, more than two years later. The employee claims, however, that she was paid compensation until July 1, 1985, which would toll the statute until that time and allow her claim to proceed. The only evidence produced at trial concerning compensation was the testimony of the employee that she received checks from the employer while she was not working amounting to three-fourths and then one-half of her wage payments. She also said that her medical expenses were partially paid. Payment of medical expenses does not toll the statute of limitations. Cunningham v. Milstead Pulpwood Co., 366 So.2d 737 (Ala.Civ.App.1979).
The dispositive issue in this case is whether the employee is required to prove that the payments she received while not working were compensation payments. As noted earlier, we have found no cases in Alabama which address this particular issue. Our court has established a three-pronged test to determine whether pay *602 ment of wages constitutes compensation. Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.1980). The three prongs are:
“(1) [W]hether the employer was aware, or should have been aware, that the payments were compensation, (2) whether the payments had the effect of a recognition of the employee’s claim, and (3) whether the employer paid for more than he received.”

Blackmon, supra.

After careful review of the record in the instant case, we are unable to find any proof that the alleged payments were compensation. The only evidence regarding these payments came from the employee and revealed that she had received checks from the employer that were a percentage of her weekly wages and that these payments were exactly like those she had received for two previous injuries. The employee did not produce any evidence that the employer was or should have been aware that these payments, if made, were compensation or that the payments had the effect of recognition by the employer of a workmen’s compensation claim.
Thus, we conclude that the employee failed to prove that she was paid compensation so as to toll the statute of limitations. The finding of the trial court that the claim was time barred was thus correct.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.