■ In the Matter of the Claim of ROBERT FRITTS, Appellant, v KENDALL REFINING COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J.

Claimant sustained an injury to his right elbow on May 25, 1975 while working in New York for Kendall Refining Company. Claimant was paid workers' compensation benefits pursuant to Pennsylvania law during subsequent periods of causally related disability pursuant to a supplemental agreement with the employer. Claimant has not worked since October 27, 1978. In May 1979, the employer made a determination that claimant's injury was not work related. On March 24, 1980, claimant filed a claim for workers' compensation benefits in New York for the May 1975 injury to his elbow. A Workers' Compensation Law Judge found that the employer had made an advance payment of compensation, thereby waiving the two-year Statute of Limitations contained in Workers' Com-

pensation Law § 28. Upon appeal, the Workers' Compensation Board reversed, holding that the claim was time barred. This appeal by claimant followed.

We affirm. An advance payment of compensation by the employer or carrier, whether in the form of wages *(see, Matter of Opdyke v Automobile Club,* 92 AD2d 684) or medical expenses *(see, Matter of Moore v Oneida, Ltd.,* 124 AD2d 389, *lv denied* 69 NY2d 609), will generally constitute a waiver of the defense of the Statute of Limitations. This is not so, however, when payment is made pursuant to an official award under the workers' compensation laws of another jurisdiction with the knowing participation of claimant *(see, Matter of Auslander v Textile Workers Union,* 59 AD2d 90, 92 [where benefits were paid in Virginia]). Here, claimant acknowledged that he claimed and received workers' compensation benefits in Pennsylvania, and agreed that he probably received the notice of compensation form and signed two final settlement receipts, thereby providing more than adequate support for a finding of knowing participation.

We find similarly unavailing the contention that a waiver of the Statute of Limitations will be found in the absence of a hearing or formal award where, as here, claimant *knowingly* accepted benefits pursuant to Pennsylvania law.* All that is necessary is compliance with the relevant Pennsylvania compensation laws and procedures. In that State, neither a hearing nor a formal award is required unless some controversy exists as to the accident itself or as to causally related disability or proper rate of compensation. Here, there was no such controversy because of the existence of an agreement between claimant and the employer, valid and binding under the statutes of Pennsylvania. Indeed, the procedures in Pennsylvania are not unlike those in Virginia where "compensation awards * * * are the result of contracts entered into between the carrier and the claimant" *(supra,* at 93).

Last, we are not persuaded that the employer channeled this claim improperly into Pennsylvania. Claimant applied for work at the employer's place of business in Pennsylvania and, once hired, worked out of an office in that State. Additionally, claimant treated extensively with Pennsylvania medical providers. Finally, there is no indication that the benefits received in Pennsylvania were any less than those that would have

---

* The court in *Matter of Auslander v Textile Workers Union* (59 AD2d 90) clearly intended to protect a claimant who *unknowingly* accepted benefits pursuant to the statute of a different State.

been received in New York. In sum, the employer's determination that the matter was cognizable under Pennsylvania law appears to have been made in good faith.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.