■ In the Matter of the Claim of CAROL A. MARKER, Appellant, v BELL ATLANTIC, Now Known as VERIZON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [772 NYS2d 623]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 29, 2002, which ruled that claimant's application for workers' compensation benefits was time-barred.

Claimant's decedent, a New Jersey based employee of a large corporation, died on October 1, 1996 in New York after suffering cardiac arrest. At the time, he was participating in an employer sponsored Outward Bound program in Ulster County. Claimant subsequently received a $50,000 death benefit settle-

ment from workers' compensation in New Jersey. By claim dated February 8, 2000, she sought additional death benefits from the Workers' Compensation Board in New York. The self-insured employer contested the claim as untimely under the two-year statute of limitations set forth in Workers' Compensation Law § 28.

Workers' Compensation Law § 28 provides that a claim which is not filed within two years of the date of accident is untimely unless there has been an "advance payment" of compensation (Workers' Compensation Law § 28). Here, claimant invoked the advance payment exception to the statute with evidence that she received a check from the employer shortly after decedent's death that included one day's worth of pay beyond the date of death. According to the employer, however, this additional payment was simply the result of an administrative delay in processing the removal of decedent from the payroll.

The Workers' Compensation Law Judge found the additional payment to be an advance payment of compensation such that the statute of limitations was waived by the employer. The Board ultimately reversed and disallowed the claim upon its factual finding that the payment of salary beyond the date of death was not made with an acknowledgment of liability for a work-related injury sufficient to constitute a waiver of the statute of limitations. Claimant appeals.

To qualify as an "advance payment" under Workers' Compensation Law § 28, the remuneration must be made "with some acknowledgment or recognition of liability under the Workers' Compensation Law" (*Matter of Mortenson v United Parcel Serv.*, 185 AD2d 487, 488 [1992]). "[W]hen payments are made regardless of the cause of the injury, there is no basis for claiming advance payment" (*Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991 [1983]). Here, the uncontradicted hearing testimony of the employer's representative established that the additional payment was attributable to the delays of administrative processing inherent in removing an employee from the payroll. Under these circumstances, we find this statement sufficiently reliable (*see e.g. Matter of Pugliese v Remington Arms*, 293 AD2d 897, 897 [2002]), and it constitutes substantial evidence to support the Board's finding that compensation continued without regard to the injury (*compare Matter of Rose v Brickel Assn.*, 159 AD2d 782 [1990]).

More importantly, however, this Court has previously held that where a claim has been filed in another state "with the knowing and active participation of the claimant . . ., the remedial purposes of the advance payment rule under section 28"

are inapplicable (*Matter of Auslander v Textile Workers Union of Am.*, 59 AD2d 90, 92 [1977]; *see Matter of Fritts v Kendall Ref. Co.*, 140 AD2d 762 [1988]). Since there is no indication in the record that the employer "channeled" the claim to New Jersey (*Matter of Auslander v Textile Workers Union of Am., supra* at 93), there is no bar to the application of the statute of limitations. We also find no basis to disagree with the Board's finding that there were no advance payments by the employer in the form of medical treatment.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.