MOORE, Judge.
Robert Burton & Associates, LTD (“the employer”), appeals from a judgment of the Calhoun Circuit Court awarding David Morris (“the employee”) workers’ compensation benefits under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Alabama Act”). We affirm in part and reverse in part.

Facts and Procedural History

The employee worked for the employer as a regional sales manager; the employee resided in Georgia and worked out of his home. As part of his job duties, the employee routinely traveled throughout Georgia, Alabama, and parts of Tennessee. On June 13, 2003, while in Alabama, the employee injured his back changing a flat tire on the company van he was driving to deliver the employer’s products. Two weeks later, the employee filed a claim for workers’ compensation benefits. The employer acknowledged that the employee’s back injury arose out of and in the course of his employment, and it commenced making payments of benefits to the employee under the Georgia Workers’ Compensation Act, § 34-9-1 et seq., Ga.Code Ann. (2000) (“the Georgia Act”). The employer has been paying the employee Georgia workers’ compensation and medical benefits since 2003.
The employee testified in his deposition that he' understood that he had been receiving workers’ compensation benefits under the Georgia Act since 2003. The employee further testified that he had retained an attorney in Georgia to assist him in expediting his claim for those benefits.
On November 17, 2006, the employee filed an action in the Calhoun Circuit Court (“the trial court”) seeking workers’ compensation benefits under the Alabama Act. The employee testified that the primary reason he had filed a claim for Alabama workers’ compensation benefits was because of the delays he had experienced in obtaining medical benefits under the Georgia Act. The employer denied the claim, asserting that the employee had failed to timely file his claim for Alabama workers’ compensation benefits. The employee claimed that the employer’s payment of Georgia workers’ compensation benefits to the employee had tolled the applicable statute of limitations in the Alabama Act. See § 25-5-80, Ala.Code 1975. The parties submitted the controversy to *929 the trial court based on joint stipulations and the deposition of the employee.
On May 14, 2007, the trial court entered a judgment in favor of the employee, concluding, as a matter of law, that the payment of Georgia workers’ compensation benefits had tolled the Alabama statute of limitations. The trial court awarded the employee temporary-total-disability benefits relating back to the date of the original injury and ordered the employer to continue those payments until the employee reaches maximum medical improvement. The trial court also ordered the employer to pay all other workers’ compensation benefits owed to the employee under the Alabama Act. The trial court certified its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.

Discussion

The issue for review is purely one of law to be reviewed without a presumption of correctness. See Ala.Code 1975, § 25-5-81(e)(1). That issue is: “When two states both have grounds for asserting jurisdiction over a claim for workers’ compensation benefits, do payments of compensation made to the injured worker under the laws of one of the states toll the statute of limitations as to a claim later filed in the other state?” Houston Contracting Co. v. Young, 267 Ark. 322, 322, 590 S.W.2d 653, 653 (1979). Our research indicates that this legal question presents an issue of first impression in this state.
As with all questions of workers’ compensation law, we begin our analysis with a review of the language of the Alabama Act. Alabama Code 1975, § 25-5-35(e), provides:
“The payment or award of benefits under the workers’ compensation law of another state, territory, province or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this article and Article 3 of this chapter shall not be a bar to a claim for benefits under this article and Article 3 of this chapter; provided that claim under this article is filed within the time limits set forth in Section 25-5-80.”
That section plainly provides that an employee who receives out-of-state workers’ compensation benefits may nevertheless file a claim for Alabama workers’ compensation benefits so long as the employee files his or her claim within the limitations period set out in the Alabama Act.
Section 25-5-80 generally provides that, in cases of accidental injury, an employee must file his or her claim within two years of the date of the accident. See Sagely v. ABC Rail Prods. Corp., 775 So.2d 230, 234 (Ala.Civ.App.2000). However, that section contains a tolling provision which provides: “Where, however, payments of compensation ... have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.” Ala.Code 1975, § 25-5-80. Thus, although ordinarily the limitations period commences from the date of the accident, see Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 167, 36 So.2d 513, 515 (1948), in cases in which an employer voluntarily pays compensation, the limitations period does not commence until the last payment of compensation is made. See B.F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967). In this context “compensation” refers to “[t]he money benefits to be paid on account of injury or death, as provided in Articles 3 and 4.” Ala.Code 1975, § 25-5-1(1).
The employer urges that the definition of “compensation” unambiguously provides that only payments made pursuant to Articles 3 and 4 of the Alabama Act would toll the statute of limitations; thus, payment of out-of-state benefits, which are not paid pursuant to Articles 3 or 4 of the Alabama Act, would not toll the Alabama statute of *930 limitations. However, the language employed by the legislature is not totally free from ambiguity. On the one hand, the term “as provided in Articles 3 and 4” could mean, as the employer contends, that the payments must have been made pursuant to the schedules contained in Articles 3 and 4 of the Alabama Act. This construction would support a per se rule excluding payments of out-of-state compensation from having any tolling effect. On the other hand, the term “as provided in Articles 3 and 4” could mean “like the benefits provided in Articles 3 and 4” of the Alabama Act. By this interpretation, any monetary benefits paid to an employee on account of his or her injury that serve the same purpose and are payable in a similar fashion to the benefits payable under Articles 3 and 4 of the Alabama Act would toll the Alabama statute of limitations. Naturally, this latter interpretation could include out-of-state compensation benefits.
When faced with an ambiguity in the workers’ compensation laws, our supreme court has consistently held that the Alabama Act should be liberally construed to effectuate its beneficent purposes. See, e.g., Cooper v. Nicoletta, 797 So.2d 1072, 1078 (Ala.2001). Our supreme court long ago held that the tolling provision in § 25-5-80 is based on the theory that the payment of compensation acts as an acknowledgment of liability that would justify an employee in forgoing the filing of a claim. See Moss v. Standridge, 215 Ala. 237, 238-39, 110 So. 17, 18 (1926). In Head v. Triangle Construction Co., 274 Ala. 519, 523, 150 So.2d 389, 393 (1963), the supreme court recognized that the tolling provision is designed to prevent an employer from lulling an employee into a false sense of security by acknowledging liability for his or her claim and then relying on the statute of limitations for relief from further liability. Consistent with this purpose, the appellate courts of this state have construed the term “compensation” broadly to include any payment that acknowledges liability for the injury, even payments not made pursuant to Articles 3 and 4 of the Alabama Act. See Head, supra (holding that wages may constitute “compensation”); and Belser v. American Cast Iron Pipe Co., 356 So.2d 659, 662 (Ala.Civ.App. 1978) (holding that payment of sick pay may toll statute of limitations).
However, the appellate courts of this state have been hesitant to adopt any per se rule that automatically qualifies certain payments as “compensation” for the purpose of tolling the statute of limitations. See Head, 274 Ala. at 523, 150 So.2d at 393 (“On the other hand, this court would probably be hesitant to announce an absolute rule that wages paid under such conditions were always compensation that tolled the statute.”). Instead, the courts of this state have preferred to adopt multipart tests to determine if, in fact, payments made outside of Articles 3 and 4 of the Alabama Act may properly be classified as “compensation” that would toll the limitations period. See Head, supra (adopting three-part test to determine if wages should be considered “compensation”); and Belser, supra (applying similar three-part test to determine if payment of sick pay should toll statute of limitations). These tests are designed to meet the purpose of the tolling provision by analyzing whether an employer knew or should have known that the payments were made to an employee on account of his or her injury; whether those payments acted as an acknowledgment of liability; and whether the employer paid the employee more than the value of the services received. Id.
In Auslander v. Textile Workers Union of America, 59 A.D.2d 90, 397 N.Y.S.2d 232 (1977), the Appellate Division of the New York Supreme Court noted the conflict among jurisdictions as to the effect of *931 out-of-state compensation payments on instate statutes of limitations. 59 A.D.2d at 92-93, 397 N.Y.S.2d at 234-35. Compare Continental Drilling Co. v. Industrial Comm’n of Illinois, 155 Ill.App.3d 1031, 1037, 508 N.E.2d 1246, 1250, 108 Ill.Dec. 669, 673 (1987) (holding that payment of West Virginia compensation benefits tolled Illinois statute of limitations); Martin v. U.S. Steel Corp., 132 Pa.Cmwlth. 370, 378, 572 A.2d 1307, 1311 (1990) (accord); Martin v. L. & A. Contracting Co., 249 Miss. 441, 447-48, 162 So.2d 870, 872-73 (1964); and Industrial Indem. Exch. v. Industrial Accident Comm’n, 80 Cal.App.2d 480, 485-86, 182 P.2d 309, 312-13 (1947), with Gropengieser v. Life Safety Sys., 666 N.W.2d 619 (Iowa Ct.App.2003) (table) (unpublished opinion holding that receipt of Colorado workers’ compensation benefits did not toll Iowa statute of limitations); Sawyer v. National Transp. Co., 448 N.W.2d 306, 308 (Iowa 1989) (accord); Windrem v. Bethlehem Steel Corp., D.C., 293 F.Supp. 1, 3-4 (D.C.N.J.1968); Industrial Comm’n of Colorado v. Pearcy, 149 Colo. 457, 369 P.2d 560 (1962); and Jutton-Kelly Co. v. Industrial Comm’n of Wisconsin, 220 Wis. 127, 131-33, 264 N.W. 630, 632 (1936). The court in Auslander considered the purpose of the tolling provision to be to protect the claimant from being lulled into not filing a timely claim as a result of receiving payments in the nature of compensation voluntarily made by the employer. 59 A.D.2d at 92, 397 N.Y.S.2d at 234. That purpose would not be defeated in cases in which the employee knowingly and actively pursues compensation in another state. In such cases, the court held, the employee, with full knowledge of the jurisdictional source of his or her benefits, should not be allowed to indefinitely extend the statute of limitations in another state. Id. However, the court noted, in cases in which the employer improperly or in bad faith channels the claim into one state without the knowledge of the employee, the employee has no basis for discerning the jurisdictional source of the compensation so he or she would be lulled into believing that there is no need to file a claim in the other state. Id. Thus, the Auslander court held that whether payments of out-of-state compensation toll an in-state statute of limitations depends on the circumstances relating to the employer’s conduct and intent in processing the claim and the employee’s knowledge concerning the territorial source of the benefits. 59 A.D.2d at 93, 397 N.Y.S.2d at 234-35.
In Houston Contracting Co. v. Young, supra, the Supreme Court of Arkansas adopted the Auslander rule as a principled decision reconciling the conflict among the various jurisdictions. 267 Ark. at 323, 590 S.W.2d at 654. New Mexico also follows a version of the Auslander rule, holding that whether payments of compensation from another state toll the statute of limitations depends on whether the worker was reasonably led to believe that in-state benefits would nevertheless be paid. See Ryan v. Bruenger M. Trucking, 100 N.M. 15, 17, 665 P.2d 277, 278 (1983) (citing Reed v. Fish Eng’g Corp., 74 N.M. 45, 390 P.2d 283 (1964)).
Based on the foregoing reasoning and authority, we reject the employer’s contention that the language of § 25-5-80 absolutely precludes the receipt of out-of-state benefits from ever tolling the Alabama statute of limitations. We hold that in cases in which the employer improperly or in bad faith channels the claim into one state without the knowledge of the employee, or in cases in which the employee is otherwise unaware of and has no reason to know the source of his or her payments of compensation, thereby lulling the employee into forgoing the filing of a timely Alabama claim, the payment of compensation *932 under the foreign statute will toll the Alabama statute of limitations.
Once an employer sustains its burden of proving that the claim was filed more than two years after the date of the accident, the employee has the burden of proving that the employer made payments of compensation that toll the statute of limitations. See Welborn v. GTE Commc’n Sys. Corp., 526 So.2d 600, 601-02 (Ala.Civ.App.1988). Consistent with this rule, the employee has the burden of proving that payments of out-of-state compensation should toll the statute of limitations under the analysis set out above.
In this case, the employer proved that the employee did not file his claim for Alabama benefits within two years of the date of the accident. The burden therefore shifted to the employee to prove either that the employer improperly or in bad faith processed his claim under Georgia law without his knowledge or that he did not know or have any reason to know he was receiving Georgia benefits, thereby lulling him into filing his Alabama claim in an untimely manner. Based on the evidence presented to the trial court, the employee failed to meet — and could not have met — this burden, because, as the employee testified in his deposition, the employee knew he was receiving Georgia compensation payments from the outset of his claim. Nothing in the record indicates that the payment of benefits under the Georgia Act lulled the employee into foregoing a claim for Alabama benefits until after the limitations period had expired.
Because the payments of Georgia compensation did not toll the Alabama statute of limitations, the trial court erred in awarding the employee compensation benefits under the Alabama Act. However, the trial court did not err in awarding the employee medical benefits under the Alabama Act. In Ex parte Tuscaloosa County, 522 So.2d 782, 784 (Ala.1988), the supreme court held that claims for Alabama medical benefits are not subject to any statute of limitations. Therefore, the fact that his Georgia workers’ compensation payments did not toll the statute of limitations on his Alabama compensation claim does not affect the timeliness of the employee’s claim for medical benefits under the Alabama Act.
For the foregoing reasons, we affirm the judgment of the trial court in part, reverse the judgment in part, and remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing.