LYONS, Justice.
David Morris (“the employee”) petitioned this Court for a writ of certiorari seeking review of the Court of Civil Appeals’ decision reversing the judgment of the Calhoun Circuit Court awarding the employee worker’s compensation benefits for an injury he sustained while working for Robert Burton & Associates, LTD (“the employer”). See Robert Burton & Assocs., LTD v. Morris, 999 So.2d 927, 932 (Ala.Civ.App.2007). We granted the employee’s petition to determine, as a question of first impression, whether payment of workers’ compensation benefits under the Georgia Workers’ Compensation Act, Ga.Code Ann. § 34-9-1 et seq. (2000) (“the Georgia Act”), tolls the statute of limitations for filing a claim under the Alabama Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq. (“the Alabama Act”). For the reasons discussed below, we affirm the judgment of the Court of Civil Appeals.
I. Facts and Procedural History
The opinion of the Court of Civil Appeals outlines the material facts as follows:
“The employee worked for the employer as a regional sales manager; the employee resided in Georgia and worked out of his home. As part of his job duties, the employee routinely traveled *934 throughout Georgia, Alabama, and parts of Tennessee. On June 13, 2003, while in Alabama, the employee injured his back changing a flat tire on the company van he was driving to deliver the employer’s products. Two weeks later, the employee filed a claim for workers’ compensation benefits. The employer acknowledged that the employee’s back injury arose out of and in the course of his employment, and it commenced making payments of benefits to the employee under the Georgia Workers’ Compensation Act, § 34-9-1 et seq., Ga.Code Ann. (2000) (‘the Georgia Act’). The employer has been paying the employee Georgia workers’ compensation and medical benefits since 2003.
“The employee testified in his deposition that he understood that he had been receiving workers’ compensation benefits under the Georgia Act since 2003. The employee further testified that he had retained an attorney in Georgia to assist him in expediting his claim for those benefits.
“On November 17, 2006, the employee filed an action in the Calhoun Circuit Court (‘the trial court’) seeking workers’ compensation benefits under the Alabama Act. The employee testified that the primary reason he had filed a claim for Alabama workers’ compensation benefits was because of the delays he had experienced in obtaining medical benefits under the Georgia Act. The employer denied the claim, asserting that the employee had failed to timely file his claim for Alabama workers’ compensation benefits. The employee claimed that the employer’s payment of Georgia workers’ compensation benefits to the employee had tolled the applicable statute of limitations in the Alabama Act. See § 25-5-80, Ala.Code 1975. The parties submitted the controversy to the trial court based on joint stipulations and the deposition of the employee.
“On May 14, 2007, the trial court entered a judgment in favor of the employee, concluding, as a matter of law, that the payment of Georgia workers’ compensation benefits had tolled the Alabama statute of limitations. The trial court awarded the employee temporary-total-disability benefits relating back to the date of the original injury and ordered the employer to continue those payments until the employee reaches maximum medical improvement. The trial court also ordered the employer to pay all other workers’ compensation benefits owed to the employee under the Alabama Act. The trial court certified its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P.”
Morris, 999 So.2d at 928-29.
The employer appealed the judgment to the Court of Civil Appeals, arguing that only payments of compensation made under the Alabama Act toll the statute of limitations for filing a claim for workers’ compensation benefits in Alabama. The employer argued that although § 25-5-80, Ala.Code 1975, provides that “payments of compensation” toll the statute of limitations, “compensation” is unambiguously defined within the Alabama Act as payments made under Articles 3 and 4 of the Alabama Act. See § 25-5-1(1), Ala.Code 1975. Thus, the employer contended, payments made under the workers’ compensation act of a state other than Alabama do not toll the statute of limitations for filing a claim under the Alabama Act.
Section 25 — 5—35(e), Ala.Code 1975, in pertinent part, provides:
“The payment or award of benefits under the workers’ compensation law of another state, territory, province or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this article and Article 3 of this chapter *935 shall not be a bar to a claim for benefits under this article and Article B of this chapter; provided that claim under this article is filed ivithin the time limits set forth in Section 25-5-80. ”
Section 25-5-80 provides a two-year statute of limitations for claims for compensation arising from work-related personal injuries. See Sagely v. ABC Rail Prods. Corp., 775 So.2d 230, 234 (Ala.Civ.App. 2000). However, § 25-5-80 also includes a tolling provision that states: “Where, however, payments of compensation, as distinguished from medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.” (Emphasis added.) Section 25-5-1(1) provides that within the Alabama Act “compensation” shall be considered to mean “[t]he money benefits to be paid on account of injury or death, as provided in Articles 3 and 4.”
The Court of Civil Appeals found that when more than one state has jurisdiction over a claim for workers’ compensation benefits, the issue whether “ ‘payments of compensation made to the injured worker under the laws of one of the states toll the statute of limitations as to a claim later filed in the other state’ ” presents a question of first impression in this state. Morris, 999 So.2d at 929 (quoting Houston Contracting Co. v. Young, 267 Ark. 322, 322, 590 S.W.2d 653, 653 (1979)). The Court of Civil Appeals first considered the definition of “compensation” found in § 25-5-1(1) and concluded that “the language employed by the legislature is not totally free from ambiguity.” Moms, 999 So.2d at 930. “Compensation” is defined at § 25-5-1(1) as follows:
“(1) Compensation. The money benefits to be paid on account of injury or death, as provided in Articles 8 and 4. The recovery which an employee may receive by action at law under Article 2 of this chapter is termed ‘recovery of civil damages,’ as provided for in Sections 25-5-31 and 25-5-34. ‘Compensation’ does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, and crutches and apparatus furnished an employee on account of an injury.”
(Emphasis added.) The Court of Civil Appeals concluded that the phrase “as provided in Articles 3 and 4” in § 25-5-1(1) could be read as providing either (1) that only benefits paid under the schedules in Articles 3 and 4 of the Alabama Act constitute “compensation” for purposes of the Alabama Act or (2) that benefits paid under the schedules in Articles 3 and 4 are merely examples of “compensation.” See Morris, 999 So.2d at 929.
The Court of Civil Appeals then noted that this Court has consistently held that when a workers’ compensation statute is ambiguous it must be “liberally construed to effect [its] beneficent purposes.” Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala.1985). The court then discussed the law of other jurisdictions and ultimately adopted the reasoning of Auslander v. Textile Workers Union of America, 59 A.D.2d 90, 397 N.Y.S.2d 232 (1977):
“[W]e reject the employer’s contention that the language of § 25-5-80 absolutely precludes the receipt of out-of-state benefits from ever tolling the Alabama statute of limitations. We hold that in cases in which the employer improperly or in bad faith channels the claim into one state without the knowledge of the employee, or in cases in which the employee is otherwise unaware of and has no reason to know the source of his or her payments of compensation, thereby lulling the employee into forgoing the filing of a timely Alabama claim, the payment of compensation under the foreign statute will toll the Alabama statute of limitations.
*936 “Once an employer sustains its burden of proving that the claim was filed more than two years after the date of the accident, the employee has the burden of proving that the employer made payments of compensation that toll the statute of limitations.”
Morris, 999 So.2d at 931-32.
Finding no such circumstances in this case, the Court of Civil Appeals declined to hold that the out-of-state payments tolled the statute of limitations for the employee’s claim, and it reversed the trial court’s award of compensation benefits under the Alabama Act. The court affirmed the judgment of the trial court as to its award of medical benefits under the Alabama Act, citing Ex parte Tuscaloosa County, 522 So.2d 782, 784 (Ala.1988), which held that “a claim [for medical benefits under the Alabama Act] is not time-barred merely because the injured employee has not complied with the statutorily prescribed period of limitations for a compensation claim.”
II. Standard of Review
The issue before us is entirely a question of law. The legal conclusions of the trial court in a workers’ compensation case are reviewed de novo on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala.1993); see also Mid-South Elec. Co. v. Jones, 848 So.2d 998, 999 (Ala.Civ.App.2002). “On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).
III. Analysis
The employee contends that the fact that his payments of compensation have been paid under the Georgia Act should not matter as to whether those payments toll the statute of limitations for filing a claim for compensation under the Alabama Act. The employee asserts that the benefits paid under the Georgia Act and the Alabama Act are substantially the same and that the employer would not be prejudiced by allowing the payments under the Georgia Act to toll the statute of limitations for filing a claim under the Alabama Act. The employee also stresses that the tolling provision in § 25-5-80 expressly applies where “payments of compensation ... have been made in any case.” (Emphasis added.)
In order to determine whether the employer’s payments of compensation under the Georgia Act toll the statute of limitations for filing a claim for workers’ compensation under the Alabama Act, we must first consider the plain meaning of the words in § 25-5-1(1), which define “compensation” within the Alabama Act. We have often stated:
“ ‘The fundamental principle of statutory construction is that words in a statute must be given them plain meaning.’ Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003). ‘When a court construes a statute, “[wjords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.” ’ Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)).”
Trott v. Brinks, Inc., 972 So.2d 81, 85 (Ala.2007).
“[I]t is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy *937 would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.”
Ex parte National Western Life Ins. Co., 899 So.2d 218, 223 (Ala.2004) (quoting De-Kalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998)).
The employee and the employer both contend that the Court of Civil Appeals erroneously concluded that the definition of “compensation” in § 25-5-1(1) is ambiguous. Both argue that the definition is unambiguous: The employee contends that § 25-5-1(1) unambiguously defines “compensation” as any benefits paid on account of injury or death, while the employer contends that § 25-5-1(1) unambiguously defines “compensation” as solely those benefits paid pursuant to Articles 3 or 4 of the Alabama Act, on account of a worker’s injury or death.
We agree with the employer that the plain meaning of § 25-5-1(1) unambiguously defines “compensation” as payments made pursuant to Articles 3 or 4 of the Alabama Act. The phrase “as provided in Articles 3 or 4” expressly limits the scope of the definition to only benefits paid pursuant to Article 3 and 4 of the Alabama Act. The conclusion of the Court of Civil Appeals that the phrase “as provided in Articles 3 and 4” could be read as providing that the benefits paid under the schedules in Articles 3 and 4 are merely examples of “compensation” requires us to read the phrase with the word “such” inserted so that it reads “such as provided in Articles 3 and 4.” This we cannot do.[1] Because the tolling provision of § 25-5-80 provides that only payments of “compensation,” a defined term in § 25-1-1,[2] toll the statute of limitations, benefits paid pursuant to the workers’ compensation laws of another state do not toll the statute of limitations for filing a claim for workers’ compensation under the Alabama Act because such benefits are not payments as provided in Articles 3 and 4 and thus are not “compensation.”
Because § 25-5-1(1) unambiguously limits compensation to benefits awarded under Articles 3 and 4 of the Alabama Act, the Court of Civil Appeals unnecessarily discussed the reasons for the tolling provision in § 25-5-80 and caselaw from other jurisdictions dealing with “the effect of out-of-state compensation payments on in- *938 state statutes of limitations.” Morris, 999 So.2d at 931. “ ‘If a statute is not ambiguous or unclear, the courts are not authorized to indulge in conjecture as to the intent of the Legislature or to look to consequences of the interpretation of the law as written.’ ” Gray v. Gray, 947 So.2d 1045, 1050 (Ala.2006) (quoting Ex parte Presse, 554 So.2d 406, 411 (Ala.1989)). Therefore, we reject the Court of Civil Appeals’ holding that payments of compensation made pursuant to the workers’ compensation law of a state other than Alabama will toll the statute of limitations for filing a claim for workers’ compensation under the Alabama Act when the employer lulled the employee into delaying the filing of the Alabama claim.
We recognize that, when § 25-5-1(1) is read in harmony with § 25-5-80, the plain meaning of § 25-5-1(1) creates the potential for a harsh result. However, we further note that this Court has previously recognized the principle of equitable tolling. See Ex parte Youngblood, 413 So.2d 1146, 1149 (Ala.1981) (“The representations of an employer or its insurance carrier may be such as to estop them from asserting the statute of limitations as a bar to a claim for workmen’s compensation, if the employer or the carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired.”). It is unnecessary to express an opinion in favor of a rule of law grounded in equitable tolling in a setting such as here, where, even if we were to embrace the rule, there is no evidence indicating that the employer misled the employee, either innocently or fraudulently, into believing that the payment of compensation under the Georgia Act tolled the statute of limitations for a claim under the Alabama Act.
For the foregoing reasons, we affirm the judgment of the Court of Civil Appeals insofar as it held that the employee’s claim was barred by the statute of limitations because his claim under the Alabama Act was filed more than two years after his injury. See § 25-5-80. However, we reject the rationale of the Court of Civil Appeals in reaching that holding, i.e., its conclusion that the language of § 25-5-1(1) is ambiguous. We therefore do not consider the holdings the Court of Civil Appeals reached unnecessarily after erroneously concluding that § 25-5-1(1) is ambiguous.
IV. Conclusion
We affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., dissents.

. Chief Justice Cobb’s dissenting opinion relies on "the Court’s settled precedent that the workers' compensation laws are to be 'liberally construed to effect their beneficent purposes,' " citing Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala. 1985); Ex parte City of Birmingham, 988 So.2d 1035 (Ala.2008); Ex parte Mitchell, 989 So.2d 1083 (Ala.2008); and Trott v. Brinks, Inc., 972 So.2d 81 (Ala. 2007). 999 So.2d at 938. Each of the foregoing cases contains the limitation on the rule of liberal construction that such construction must be one that the language of the statute fairly and reasonably supports. A construction cannot be said to be fairly and reasonably supported when it is necessary to resort to judicial interlineation of a term that alters the plain meaning of the statute.

. The dissenting opinion, invoking the rule requiring that related provisions of an act be read in pari materia, relies on § 25-5-35(e), which juxtaposes the laws of another state against "benefits [under] this article and Article 3 of this chapter,” thereby recognizing the existence of the dichotomy — benefits under laws of another state and benefits under the Alabama Act, which serves as the foundation for this opinion. Moreover, elevating § 25-5-35(e) to the point that this Court can somehow ignore § 25-5-1(1) with its definition of compensation as "[t]he money benefits to be paid on account of injury or death, as provided in Articles 3 and 4” would stand the rule of in pari materia on its head because § 25-5-35(e) expressly refers to filing "within the time limits set forth in Section 25-5-80.” Of course, § 25-5-80 uses the term "compensation,” which must be read in pari materia with § 25-5-1(1).